[Sac. No. 948.  In Bank.—December 8, 1903.]

WESTERN UNION TELEGRAPH COMPANY, Appellant, v. COUNTY OF SAN JOAQUIN, Respondent.

ACTION FOR TAXES PAID UNDER PROTEST—ASSESSMENT OF CITY FRANCHISE—FEDERAL FRANCHISES—INSUFFICIENT COMPLAINT.—A complaint in an action to recover taxes paid under protest, which shows an assessment upon a franchise granted by a city, and avers that plaintiff holds federal franchises which are non-taxable, and is an instrument of the federal government, and that the assessment was void, but does not aver that plaintiff did not receive a franchise granted by such city, does not state a cause of action.

ID.—POWER OF CITY.—It cannot be held as matter of law that the city ᵗ ᵘᵗ grant and that the plaintiff could not receive a franchise ᵤ is different from and in addition to the franchises granted to it by the federal government.

APPEAL from a judgment of the Superior Court of San Joaquin County.   Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

George H. Fearons, R. B. Carpenter, and Arthur L. Levinsky, for Appellant.

A. H. Ashley, for Respondent.

McFARLAND, J.—This is an appeal by plaintiff from a judgment in favor of defendant.

The action is brought to recover $29.50 paid under protest for taxes alleged to have been unlawfully assessed against appellant. A demurrer to the complaint was sustained, and, appellant declining to amend, judgment went for respondent.

The complaint sets forth the history and character of the appellant corporation, its lines of telegraph through the state and San Joaquin County, etc.,—matters of general knowledge. It is particularly averred that by an act of Congress passed July 24, 1866, and appellant's acceptance of the privileges and duties contained in and imposed by said act, it became an instrument of the federal government, and acquired certain federal franchises, among others, to construct and maintain its lines over the public domain, and along any of the military or post roads of the United States; that being thus an instrumentality of and having franchises granted by the federal government, such franchises cannot be taxed by the state or any of the municipalities; and that the tax here involved was upon its franchise and therefore unlawful and void.

Appellant relies on the case of *San Francisco* v. *Western Union Telegraph Co.,* 96 Cal. 140, and the numerous decisions of the supreme court of the United States there cited. There is no doubt that in those cases it was firmly established that the federal franchises held by appellant cannot be taxed by the state, and we have no disposition whatever to question

them; but the complaint in the case at bar does not bring appellant's asserted rights here involved within the principle of those cases, because it does not appear that any federal franchise of appellant was assessed. The averment is, that the assessor assessed a "franchise granted by the city of Stockton." It is averred that appellant had not and had never received "any franchise of any kind or description from the state of California or from the county of San Joaquin"; but there is no averment that appellant did not receive a franchise from the city of Stockton. . Possibly such averment was not made because it could not have been truthfully made. There is a reference, by way of recital, to the circumstance of the assessor well knowing that the franchise was imaginary and fictitious, followed immediately by the averment "that said *county* had never granted or pretended to grant any franchise of any kind to plaintiff"; but there is no averment that the city of Stockton never granted any franchise to plaintiff. We cannot hold that, as matter of law, the city could not possibly have granted to appellant, or that the latter could not possibly have received from the city, a franchise different from and in addition to the franchises granted to the appellant by the federal government. The complaint, therefore, does not state facts sufficient to constitute a cause of action, and the demurrer was properly sustained.

The judgment appealed from is affirmed.

Angellotti, J., Van Dyke, J., Shaw, J., Henshaw, J., Beatty, C. J., and Lorigan, J., concurred.