[S. F. No. 204. In Bank.—August 14, 1896.]

EMELINE WALLACE ET AL., APPELLANTS, *v.* JOSEPH SISSON ET AL., RESPONDENTS.

APPEAL—LAW OF THE CASE—QUESTIONS OF LAW AND FACT.—The decision of the appellate court upon a former appeal, upon questions of law, becomes the law of the case through all subsequent stages of the case; but this rule does not apply to the decision of the appellate court upon questions of fact.

ID.—INSUFFICIENCY OF EVIDENCE TO JUSTIFY DECISION.—Where the appellate court determines that there is no evidence in support of the decision, its decision is upon a question of law; but when the decision rendered upon a former appeal, as to the insufficiency of the evidence to justify the decision, has reference to questions of fact depending upon the credit to be given to the witness, or upon inferences of fact, the trial court is not concluded by the decision, and if there is additional evidence, though merely cumulative, upon a second trial, and the manner and bearing of the witness is involved, the decision of the trial court upon the issues of fact will not be disregarded upon a second appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. J. C. B. HEBBARD, Judge.

The facts are stated in the opinion of the court, and in the opinion rendered on the former appeal, reported in 33 Pacific Reporter, 496.

*A. N. Drown,* and *D. M. Delmas,* for Appellants.

*Mastick, Belcher & Mastick,* for Respondents.

HARRISON, J.—Upon a former trial of this cause the court made findings of fact, and rendered judgment thereon in favor of the defendants. This judgment and an order denying the plaintiffs' motion for a new trial were subsequently reversed by this court upon the ground that certain findings of fact were not justified by the evidence. (*Wallace* v. *Sisson*, 33 Pac. Rep. 496.) Upon the second trial of the cause the court made similar findings of fact, and again rendered judgment in favor of the defendants. From this judgment and an order denying a new trial the plaintiffs have appealed. It was contended by the plaintiffs at the trial, and is also contended by them here, that the evidence is substantially the same as upon the former trial, and that the former decision of this court that this evidence was insufficient to justify the findings then under consideration became the law of the case, and that the trial court was thereby precluded from making the present findings, although its own judgment concerning the effect of this evidence might be contrary to the decision of this court. Both of these propositions are controverted by the defendants.

An unbroken line of decisions, commencing with *Dewey* v. *Gray*, 2 Cal. 374, has established the rule in this state that a decision of this court upon any question of law in a case appealed to it from an inferior court becomes thereby the law of that case, and is thereafter in all subsequent stages of the case binding, not only upon the inferior court, but also upon this court, if again brought before it. It has never been held, however, that the decisions of this court upon a question of fact is subject to this rule. On the contrary, it has been frequently said that the rule is limited to questions of law, and is not applicable to questions of fact. In *Sneed* v. *Osborn*, 25 Cal. 629, it was said: "It is upon questions of law that the decision of the appellate court becomes the law of the case, and not upon questions of fact." Although the law of the case was not then the issue in

dispute, the expression was made in response to a petition for rehearing suggesting that the statement by the court of the facts established by the evidence would be so regarded upon another trial, and would be entitled to the respect due to the opinion of a court deliberately given upon a point directly presented. In *Mitchell* v. *Davis*, 23 Cal. 384, the court said that cases in which the rule had been applied show that it applies only to principles of law announced in a case, and not to mere questions of fact which may have been passed upon, and also with reference to the proposition here contended for by the appellants,." if no further evidence had been introduced by the plaintiff on the second trial upon this point, *there might have been some grounds* for saying that the question had been put at rest by the former adjudication," thus pointedly showing that the former decision was not conclusive. In *McLeran* v. *Benton*, 73 Cal. 337, 2 Am. St. Rep. 814, it was held that the rule could not be invoked where the evidence was introduced for a different purpose from that for which it was presented at the previous trial; and in *Nieto* v. *Carpenter*, 21 Cal. 483, it was held that the rule did not apply in a case in which an incorrect translation of a Spanish document was the basis of the former decision. In *Benson* v. *Shotwell*, 103 Cal. 163, the court said: "The facts disclosed by the record upon this appeal are in substance the same as those which were before the court on the former appeal; and the propositions of law there decided are, therefore, the law of this case, and we are not at liberty to reconsider them. It is true that nothing that was said in that opinion as to the facts could bind the court upon the second trial, nor be conclusive now, since the rule of the law of the case has no application to questions of fact." And in *People* v. *Hamilton*, 103 Cal. 496, the court said: "This rule does not apply . . . . to questions of fact." In *Mattingly* v. *Pennie*, 105 Cal. 514, 45 Am. St. Rep. 87, the court said: "It is settled beyond controversy that a decision of this court on appeal as to

a question of fact does not become the law of the case."
It frequently happens that the sufficiency of the evi-
dence to justify the decision depends upon the compe-
tency of the evidence, or the effect of an act or admission,
or the construction to be given to a written instrument.
If in such a case the appellate court holds that the evi-
dence was incompetent, or received an erroneous con-
struction by the trial court, and that for this reason the
evidence was insufficient to justify the decision, such
ruling of the appellate court becomes the law of the
case, since the sufficiency of the evidence depends upon
the question of law which is thus decided. (See *Leese*
v. *Clark*, 20 Cal. 387.) But, when the fact which is to
be decided depends upon the credit to be given to the
witnesses whose testimony is received, or the weight to
which their testimony is entitled, or the inferences
of fact that are to be drawn from the evidence, the suffi-
ciency of the evidence to justify the decision must be
determined by the tribunal before which it is presented,
and is not controlled by an opinion of the appellate
court that similar evidence at a former trial of the cause
was insufficient to justify a similar decision. This re-
sults from the relative functions of the trial court and
the appellate court, the former alone being authorized to
determine questions of fact, and the latter being limited
to determining questions of law. The appellate court
cannot itself make a finding of fact when the evidence
is all before it, or find the ultimate fact from other
probative facts, unless such ultimate fact follows as a
conclusion of law therefrom; and if, in the opinion
which it renders, it assumes that the evidence sustains
any fact, it is only the opinion of the court, and not a
finding of that fact. (*Kimball* v. *Semple*, 25 Cal. 455.)
" We do not pass upon the weight or preponderance of
evidence, nor in a case where opposing inferences may
be drawn can we review a finding because in our judg-
ment the inference deduced by the trial court is im-
probable, or more unlikely to be true than the opposite

one." (*Reynolds* v. *Robinson,* 82 N. Y. 106; 37 Am. Rep. 555.)

Whether the evidence in a case tends to prove a fact is a question of law which arises when the admissibility of such evidence is questioned, or when it is relied upon for the purpose of establishing a controverted fact, and the decision of the appellate court that such evidence does or does not tend to establish the fact is a decision upon a question of law which is conclusive upon the trial court; but whether the evidence is sufficient to establish the fact is a question of fact which must be determined by the tribunal to which it is submitted. A declaration by the appellate court that it does establish the fact would be outside of its functions, and would not be binding upon the trial court. So, too, whether a particular inference can under any circumstances be drawn from certain evidence is a question of law, but whether the inference shall in any particular case be drawn from the evidence is a question of fact. "An inference is a deduction which the reason of the jury makes from the facts proved, without an express direction of law to that effect." (Code Civ. Proc., sec. 1958.)

Whether there is any evidence in support of a finding, or whether there is a conflict of evidence upon a controverted fact, must be determined by the appellate court when presented to it upon an examination of the record. This includes the right to determine whether any of the evidence tends to support the decision, since that is a question of law, and, if it determines that it has no such tendency, that evidence is excluded from consideration. If, upon an examination of the record, the appellate court determines that there is no evidence in support of the decision, it reverses the judgment, for the reason that the court committed an error of law in finding a fact without any evidence in support thereof. (*Domico* v. *Casassa,* 101 Cal. 411; *Mason* v. *Lord,* 40 N. Y. 484.) "When there is a total want of evidence upon some essential fact, but the jury nevertheless finds such

fact, the finding is erroneous as matter of law, but, when there is slight evidence in support thereof, a find. ing thereon would be one of fact upon which men might differ in opinion, but for a court to attempt the correction· thereof upon writ of error would be but a correction of errors in fact and not in law, a power which this court does not possess." (*Conely* v. *McDon- ald*, 40 Mich. 159.)

A comparison of the opinion rendered upon the former appeal herein with the record upon the present appeal shows that in making its decision upon the evi- dence before it the superior court did not disregard the decision of this court upon any question of law deter- mined by it upon the former appeal. Indeed, upon that appeal the decision of this court was in the main in reference to questions of fact, rather than questions of law. The question chiefly discussed in the opinion, and which is termed by the appellants the pivotal ques- tion of the case, was whether there was any contract relating to Chinamen between Sisson, Wallace & Co. and the railroad· and construction companies, or whether Sisson, Wallace & Co. had any contract right by virtue of the arrangement made with Koopmanschap for bringing the Chinamen to San Francisco. The state- ment in the opinion "that a written contract was made between one of the construction companies, Koopman- schap, and Sisson, Wallace & Co., concerning such im. portation, *is clear,* though such written contract was not produced on the trial, nor shown to be then in ex- istence," and the expression in the opinion, after giving the evidence in support of the above statement and that Douty's testimony was corroborated by the Haswell let- ter, that "it is *inconceivable* that he [Douty] would direct the agent of the steamship company to draw drafts upon Sisson, Wallace & Co. for each of the two contemplated shipments, amounting to forty thousand dollars each, without a contract right so to do," can neither of them be considered as a decision upon a question of law, but, at most, only an inference of fact drawn from the other

evidence in the case. So, also, the statement in the opinion while commenting upon the testimony of Horn, "while he is clearly in error in some particulars and inconsistent in others, it is apparent that he had a knowledge of facts that he could not have known unless he had seen such a contract or learned them in some manner in Sisson, Wallace & Co's office; and, if the firm and its other employees had no knowledge of such contract or agreement, he could not well have learned it from them"; and the subsequent statement in reference to the testimony of other witnesses, that "a careful reading of the testimony, however, will show that these witnesses also testified to conclusions, rather than to the facts which constituted the terms of the contract," and that "these denials are not sufficient, in view of the whole evidence, to create a doubt that there was a contract or agreement for the importation of these Chinamen, to which Sisson, Wallace & Co. was a party"—are in reality only propositions of fact proper to be considered by a trial court, but can in no wise be regarded as decisions upon questions of law. It was for the reason that in the opinion of this court the trial court had erroneously decided these questions of fact that its decision was reversed, but this court did not assume to direct that court how it should again decide the questions. And, as we have seen above, that court, when the questions should again be presented to it for decision, was authorized and required to exercise its own judgment in determining the facts which were justified by the evidence. If the evidence had been identical with that given at the former trial, and the trial court had still been of the opinion that it justified the former findings, it would not be precluded from so finding merely because this court had reversed its former decision. This court might again reverse the decision, but before doing so would consider whether it might not be that that portion of the evidence which could not be reproduced in printed form—the demeanor of the witnesses, as well as their credibility, the weight to be given to con-

tradictory testimony, the inferences to be drawn from different portions of the evidence—was such as to support the conclusion of the trial court. If it should appear to this court that it was possible for the trial court under these considerations of the evidence to so decide the issues, it might deem it its duty to yield to that court, even though the decision were contrary to its own opinion, since the trial court is the ultimate arbiter upon all questions of fact.

The "evidence" from which a fact is to be determined does not consist merely of the language used by the witnesses. It includes their appearance and demeanor on the witness stand, the manner in which their testimony is given, the credit to which they are entitled, the opportunity for knowing the matters of which they give testimony, the strength and clearness of their recollection of the transaction, the inferences of fact which may be drawn from the testimony which they give, or from other evidence in the case; the harmony of one portion of the testimony with another. The consideration of these elements is peculiarly within the province of the trial court, and, whenever the decision of a fact depends thereon in whole or in part, the appellate court cannot prescribe the mode in which the decision shall be made, or by any opinion of its own upon the effect of the evidence take from the trial court the power of determining the sufficiency of the evidence to establish a fact.

There was, moreover, at the last trial additional evidence before the trial court which was not before this court upon the former appeal, and even if it be conceded, as is claimed by the appellants, that this evidence was cumulative, still it was not for that reason to be disregarded. For the purpose of establishing that there had been no contract of the character claimed by the plaintiffs, several witnesses had given their testimony to the effect that they had no knowledge of such contract. While mere negative testimony of this character is not conclusive, the strength of the proof varies

according to the number of witnesses who may have had knowledge of the existence of the contract. While of ten persons connected with a transaction, the testimony of one that he had no knowledge of a certain act claimed to have been a part of the transaction would not be conclusive, the testimony of each of the ten to the same effect would be convincing; and, upon the same principle, the testimony of each additional witness strengthens the proof of the fact. In the present case, the testimony of C. F. Crocker, and of Burke and other witnesses, to the effect that they knew nothing of the contract, although their position was such that if there had been a contract they would have been likely to know of it, strengthens the defense upon that issue, and presented evidence to the trial court from which to make its finding that was not before this court upon the former appeal.

The issues before the trial court were questions of fact, which were to be determined by that court upon a consideration of evidence that was in many particulars in direct conflict, and in others depending upon the memory of the witnesses as to transactions and conversations that had occurred many years prior thereto. This involved, among other considerations, the balancing of these conflicting statements; the weight to be given to the testimony of the different witnesses, as well as the credibility of the witnesses themselves, the probability of the accuracy of their statements, depending upon the clearness of their recollection, the interest they might have in the result, the attention given by them to the transactions or the conversations at the time they took place. All of these considerations are peculiarly within the function of the trial court, and its decision thereon ought not to be lightly disregarded. A careful examination of the record herein fails to show that the evidence before the superior court was insufficient to justify its decision.

The judgment and order are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

GAROUTTE, J., concurring.—I think the principle of the law of the case cannot be invoked here, for the reason that the evidence contained in the present record is not the same as that presented to this court upon the former appeal. I concur in affirming the order and judgment for this reason.