[Civ. No. 246.   Third Appellate District.—September 20, 1906.]

## M. C. MEEKER, Respondent, v. SARAH E. SHUSTER, JAMES E. SHUSTER, JACOB E. SHUSTER, and JOHN BARNES et al., Appellants.

MORTGAGE BY DEED—FORECLOSURE—SUFFICIENCY OF EVIDENCE.—An action to foreclose a mortgage by deed as security for indebtedness is sufficiently sustained by evidence showing that defendants, while in possession of the land under a contract to purchase the same from a third party, applied to plaintiff for a loan of the residue of the purchase money, and agreed with plaintiff that he should take the title from the vendor, not as a purchaser, but as security for the amount loaned, under a bond to convey to defendants when such indebtedness should be paid to plaintiff, with interest at an agreed rate, on or before ten years from the date of the transaction.

ID.—EVIDENCE—FORMER JUDGMENT BETWEEN SAME PARTIES—ESTOPPEL OF DEFENDANTS.—A former judgment in ejectment between the same parties in relation to the same property in which it was adjudged, upon substantially the same evidence, that plaintiff held the title as security for a debt not yet due from defendants to plaintiff, and that the defendants were the owners of the land, subject to such security, was properly admitted in evidence against them in the foreclosure suit, and estops them from claiming therein that the deed was a conveyance to plaintiff of all their interest in the land.

ID.—AGREEMENT FOR CREDIT—STATUTE OF LIMITATIONS.—The cause of action in foreclosure accrued at the expiration of the agreed period of credit, and was not barred by the statute of limitations when the foreclosure suit was commenced.

APPEAL from a judgment of the Superior Court of Sonoma County, and from an order denying a new trial. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

J. A. & E. C. Barham, and T. J. Butts, for Appellants.

J. M. Thompson, for Respondent.

BUCKLES, J.—This is an action to have a certain deed declared to be a mortgage and to foreclose the same.

The defendants were in possession of the land mentioned in said deed while the legal title thereto was in one Aaron Barnes.

The complaint alleges that on December 3, 1883, the said Barnes entered into a contract and bond with the Shusters whereby he obligated himself to convey by bargain and sale deed said land to the Shusters on or before December 3, 1893, upon the Shusters paying to him the sum of $11,000 in sums not less than $100 and interest at the rate of nine per cent per annum. This contract and bond was duly recorded on the same day it was made. On October 5, 1892, the Shusters still owed $8,440 to said Barnes. To enable them to pay this debt the plaintiff loaned them $8,440. The money was paid over to Barnes, the Shusters released and satisfied the contract and bond on the records and requested the said Barnes to, and he did make, execute and deliver to the said plaintiff a deed to said land as security for the payment to him by said Shusters the said sum of $8,440, with interest thereon at the rate of eight per cent per annum, and the plaintiff gave the Shusters his bond for a deed for said land, in which he agreed to convey said land to the Shusters on or before ten years from October 5, 1892, upon the payment to him of the $8,440, with interest as aforesaid, by the said Shusters. That no part of the principal or interest of said debt was ever paid and that at the time the suit was commenced there was due and unpaid the sum of $18,513.26. That in a suit in ejectment in which the plaintiff and the defendants were the same as in this action, tried in the superior court of Sonoma county, a judgment was duly rendered and entered on December 14, 1894, by which it was adjudged that the payment of the said sum of $8,440 by plaintiff to the Shusters, and by them to said Barnes, was a loan by plaintiff to said defendants and that the deed executed and delivered by

Barnes to plaintiff was a mortgage to secure the payment of said sum. Judgment was for defendants. An appeal was taken to the supreme court and the judgment affirmed. The answer contains a specific denial and a setting forth the transaction of plaintiff paying over the $8,440 and the circumstances of Barnes making the said deed and the plaintiff making the said contract and bond to the Shusters, claiming in effect that such transaction did not constitute a mortgage but a sale and conveyance of title of said land to the plaintiff, and also pleads bar under the statute of limitations.

The only oral testimony as to the transaction between plaintiff and the Shusters was that given by the plaintiff. A short time before the deed was made, one of the Shusters asked plaintiff to buy the land, and plaintiff replied: "I do not need the land. I really have more land now than I know what to do with," but then announced his willingness to furnish the money to pay the debt due to Barnes.

Again when plaintiff and the Shusters were all together at the time the arrangements were agreed upon which were afterward carried out he says: "I told them I had the money now to let them have . . . and I asked them how they wanted to do the transaction and they said they would take a deed from Barnes . . . and give me a mortgage. I then objected to taking a mortgage from them. Then they didn't really know how to do it and I said it's like this, I will let you have the money to pay Barnes off and you will discharge the record and then I will give you a bond to purchase the property and will give you ten years' time, and will pay all taxes on the property during this ten years' time, and you pay me interest at the rate of eight per cent per annum." The testimony shows that neither Meeker nor Barnes had ever been in possession of the said land. There is no evidence whatever to indicate the Shusters were intending to sell the land to Meeker. The court below found that the Shusters solicited from Meeker a loan of $8,440 for the sole purpose of paying said Barnes the sum due him, to wit, $8,440, and then agreed with Meeker to repay him the said sum in ten years. And that no agreement was ever made by plaintiff with said Barnes for the purchase of said land. The evidence abundantly supports these findings. Many errors are alleged in the court's rulings on the admission of evidence, but as all the testimony offered to which there was objection and ex-

ception seems to have been properly admitted, we see no necessity of taking up the time and space to state them here. Independent of the findings and judgment of the case, *Meeker* v. *Shuster* (Cal.), 47 Pac. 580, the ejectment suit heretofore referred to, we think the oral testimony in this case with the bond and deed show the transactions to have been one of money loaning by Meeker to the Shusters and a giving of the deed of Barnes to Meeker and the bond of Meeker to the Shusters, simply the means of securing the repayment of said loan and that therefore said deed must be treated as a mortgage. Besides this suit reported in 47 Pac. 580, *supra,* was a suit between the same parties in relation to the same property and involved a construction of the same deed, and we think the judgment in that case is conclusive that the said deed was intended as a mortgage. The judgment-roll in the case, 47 Pac. .580, *supra,* was placed in evidence over the objection of the defendants and this is alleged as error. But the very question in issue was made a question there and the conclusion reached in that case was the same sought to be reached in this case. The parties were the same there as they are here and the testimony here substantially the same as in the ejectment suit. (*McDonald* v. *McCoy,* 121 Cal. 57, [53 Pac. 421] ; *Wallace* v. *Sisson,* 114 Cal. 42, [45 Pac. 1000].) If the deed in that case, the case of ejectment, and the same deed that is being construed here, conveyed to the plaintiff in that case the title to the land, then the defendants would have been ejected and that would have ended the contention as to the right to the land. But the court said in effect that it was a mortgage and the equity of redemption of the Shusters could not be foreclosed in an ejectment suit, besides the time for bringing an action to foreclose had not then accrued. In the ejectment suit the court found the Shusters to be the owners in fee of the land, and such a finding in this case could not contradict the proceedings in that case. If the deed was a mortgage in that case it was a solemn finding of a competent court when the same parties were before it and when exactly the same subject matter, the same deeds, the same contracts and the same bonds were being considered and exactly the same question there was litigated as is the paramount question here, Was this deed intended as a mortgage? We think that the defendants in this case are absolutely estopped by reason of the judgment in that case from

asserting in this that the said instrument was a deed conveying all their interest in said land, and therefore and further because that judgment was made an issue in this case the judgment-roll was properly admitted.

Irrespective of the former judgment the testimony of the plaintiff in this case shows that he never intended to purchase said land, and the deed and bond simply constituted his security for the money he had loaned the Shusters. The lower court found the deed of Barnes to plaintiff was intended by defendants to secure to plaintiff the payment of said sum of $8,440, and that plaintiff did not and never did, intend to purchase said land, and that the statute of limitations has not run against the cause of action set forth in plaintiff's complaint, and that said action is not barred. These and all the findings are warranted by the evidence in the case. As conclusions of law the court found that said deed is a mortgage and a lien upon the lands described therein and in plaintiff's complaint.

The judgment was that the deed was a mortgage and to foreclose the same.

The findings support the judgment.

The judgment and order denying a new trial are affirmed.

Chipman, P. J., and McLaughlin, J., concurred.