[L. A. No. 4082.   Department One.—December 11, 1917.]

# MICHAEL T. COLLINS, Respondent, v. ROBERT MARSH et al., Defendants; L. J. MARSH, Appellant.

NEGLIGENCE — PERSONAL INJURIES — COLLISION BETWEEN AUTOMOBILE AND BUGGY—TRAFFIC ORDINANCE OF MUNICIPAL CORPORATION—STOPPING VEHICLE IN EMERGENCY CLOSE TO CURB — INSTRUCTIONS.— Where the driver of a buggy, having business which required him to stop on a street, was unable, through the crowded condition of the street, to get his horse and buggy sufficiently close to the curb to comply with the provision of an ordinance forbidding the driver of any vehicle to stop on any street unless the side of the vehicle nearest the curb was not more than two feet distant from the curb, and the driver therefore drove in at an angle, with the front wheel about a foot and a half from the curb and the rear wheel about four feet out, in which position his buggy was struck by a passing automobile and he received injuries for which he brought an action for damages, the trial court did not err in refusing to instruct the jury that the plaintiff was guilty of negligence as a matter of law, since the ordinance itself declared that the provisions of the section referred to should not apply in cases of emergency.

ID.—WORDS AND PHRASES—"EMERGENCY" DEFINED.—"Emergency" is "an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency," and if the curb space on a street is so occupied that the driver of a buggy cannot, in stopping, bring both inside wheels close to the curb, it is no stretch of reasoning to say that he is confronted by an "emergency" within the meaning of a municipal ordinance which excepts cases of "emergency" from a provision forbidding the stopping of a vehicle on a street, unless the side of such vehicle nearest the curb is not more than two feet distant from the curb.

ID.—EVIDENCE — PLAINTIFF'S INTENT TO PULL THE BUGGY IN AFTER ALIGHTING—HARMLESS ERROR.—In an action for damages for personal injuries received by the driver of a buggy, who, while stopping near the curb of a street, was thrown from his vehicle by a collision with a passing automobile, it was error to allow him to testify over objection that he intended to bring both inside wheels of his buggy close to the curb by pulling the rear end of the vehicle in after alighting, because if he was guilty of negligence in bringing his horse to a stop, as he did, the character of his act could not have been affected by his undisclosed intention to move the rear wheels thereafter; but since it was shown, without objection, that the method he intended to follow was the only possible one for getting

both inside wheels close to the curb, the error was not of such serious consequence as to have affected the result or to justify a reversal.

ID.—INSTRUCTIONS — LAST CLEAR CHANCE — HARMLESS ERROR.—In an action for damages for personal injuries sustained by the plaintiff while driving a buggy which was struck by a passing automobile, it was error to instruct the jury that if the defendant *"in the exercise of ordinary care should have seen* the situation in which plaintiff was," and could then have avoided the collision by the exercise of ordinary care, and failed to take such care, he would be liable, notwithstanding the fact that plaintiff might have negligently placed himself in the dangerous position, since the "last clear chance rule" does not apply where the defendant was not, but should have been, aware of the plaintiff's danger, and a defendant is not liable "because he ought to have known"; but in view of the evidence as it stands in the record in the instant case, the instruction was not one which would justify a reversal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

O'Melveny, Stevens & Milliken, Walter K. Tuller, and Alex Macdonald, for Appellant.

J. W. Carrigan, and Zenus F. Barnum, for Respondent.

SLOSS, J.—In this action, brought against several defendants to recover damages for personal injuries, the jury returned a verdict in favor of the plaintiff against L. J. Marsh alone for five thousand dollars. L. J. Marsh appeals from the ensuing judgment and from an order denying his motion for a new trial.

The accident occurred on Hill Street, in the city of Los Angeles. Plaintiff, who was driving a horse attached to a buggy, had turned into Hill Street from Seventh Street, and was driving northerly on the easterly or right-hand side of Hill Street toward Sixth Street. He had occasion to go to a telephone office in the block between Seventh and Sixth Streets. The entire curb line along the east side of this block was occupied by automobiles and other vehicles, with the exception of a space of some twenty-two feet, about the middle of the block. At this point the plaintiff undertook to drive in. The space was not sufficient to enable him to get his

horse and buggy close up to the curb. He was compelled
to drive in at an angle, and brought his horse to a stop, as he
testified, with the horse's head over the curb, the right front
wheel of the buggy about a foot and a half from the curb,
and the rear wheel about four feet out. Before he could
alight, his buggy was struck by an automobile, driven by the
appellant. Plaintiff was thrown to the pavement, receiving
the injuries of which he complains.

The appellant's contention was that the collision was due
to the act of plaintiff's horse in stepping back, and thus
throwing the rear end of the buggy into the line of the auto-
mobile's progress. Without this backing, it was claimed, the
automobile would have passed plaintiff's buggy in safety, the
appellant's own testimony being that his front wheels had
already passed, and that the right rear wheel of the automo-
bile collided with the left rear wheel of the buggy. The
answer, in addition to denying negligence on the part of the
defendants, set up that plaintiff was guilty of contributory
negligence.

There was offered in evidence a traffic ordinance of the city
of Los Angeles, which contained this section:

"Sec. 15. It shall be unlawful for the driver of any vehicle
to stop the same, or to cause the same to be stopped, in or
upon any street unless the side of such vehicle nearest the
curb is not more than two feet distant from such curb; pro-
vided, however, that the provisions of this section shall not
apply in case of emergency, or when such stop is made for
the purpose of allowing another vehicle or a street car or in-
terurban car or a pedestrian to pass in front of such vehicle
so stopped, or when in compliance with an order or signal of
a police officer."

The defendant requested an instruction to the effect·that
this provision required that both wheels of a four-wheeled
vehicle stopped upon a public street should be not more than
two feet from the curb, and that "if plaintiff upon the occa-
sion in question stopped the buggy in question while the same
was in such position that the rear right wheel thereof was
more than two feet from the nearest street curb, then he was
guilty of negligence as a matter of law . . ." The court did
not err in refusing to give this instruction. It may be con-
ceded that the appellant rightly construes the ordinance to
mean that both the front and the rear wheel of a vehicle

stopped on the street must be within two feet of the curb. The proviso appended to the section excludes from its operation, among other things, cases of "emergency." In view of the purposes for which the ordinance was adopted, the word "emergency" should not, in the connection in which it is here used, be given too narrow an interpretation. The plaintiff had a right to stop his vehicle on any block in which he had occasion to alight, and section 15 was surely not intended to make it impossible to exercise that right. "Emergency" is defined, in Webster's Dictionary, as "an unforeseen occurrence or combination of circumstances which calls for immediate action or remedy; pressing necessity; exigency." If the curb space was so occupied that plaintiff could not, in stopping, bring both right wheels close to the curb, it would be no stretch of reason to say that he was confronted by an "emergency" within the meaning of the ordinance. At any rate, the jury might well have found the existence of conditions which excepted the case from the operation of section 15, and the instruction proposed was erroneous in requiring a finding that plaintiff's act was a violation of the ordinance, and hence negligence, without regard to the existence or non-existence of an "emergency."

The plaintiff was allowed to testify, over objection, that when he stopped his buggy he intended to bring both right wheels close to the curb by pulling the rear end of the buggy in after alighting. The objection should have been sustained. If the plaintiff had been guilty of negligence in bringing his horse and buggy to a stop, as he did, the character of his act could not have been affected by his undisclosed intention to thereafter move the rear wheels. But it was shown without objection, if, indeed, it was not apparent from the circumstances themselves, that the method which the plaintiff said he intended to follow was the only possible one for accomplishing the purpose of getting both right wheels close to the curb. Until he had time to do this, the emergency excusing compliance with the ordinance, if such there was, continued. With this evidence before the jury, the mere additional testimony of plaintiff's intent was not, we think, of such serious consequence as to have affected the result, or to justify a reversal.

There is no merit in appellant's claim that there was not sufficient evidence to show negligence on his part. It is true

that he testified that a backing motion of the horse had brought the wheel of the buggy into the line of the automobile's motion. But the plaintiff's testimony was that the movement of the horse, which he described as a "settling motion," pushed the buggy back not more than three or four inches. The buggy stood on a slant, and the movement sidewise would, therefore, have been less than this distance. If the jury took this testimony as true, as, of course, it had the right to do, it was for it to say whether or not the defendant had been negligent in leaving so little clearance space as to strike the buggy when it had made the slight movement described by the plaintiff. There was an express instruction to the effect that the plaintiff could not recover if the accident was due to the sudden and unexpected backing of the buggy against or in the way of the automobile, and the jury, by its verdict, impliedly found that this was not the cause of the collision. The defendant testified that he left a clearance space of a foot and a half between the two vehicles. But the jury was not bound to accept this estimate in the face of testimony of facts indicating the contrary.

The court gave an instruction designed to state the doctrine of the "last clear chance." In this instruction it stated that if the appellant saw, *"or, in the exercise of ordinary care, should have seen, the situation in which plaintiff was,"* and could then have avoided the collision by the exercise of ordinary care, and failed to take such care, he would be liable notwithstanding the fact that plaintiff might have negligently placed himself in the dangerous position. The court should not have included the phrase which we have italicized. It is well settled in this state that the "last clear chance" rule does not apply where the defendant was not, but should have been, aware of the plaintiff's danger. "Under this rule, a defendant is not liable because he ought to have known." (*Herbert* v. *Southern Pac. Co.,* 121 Cal. 227, [53 Pac. 651]; *Wahlgren* v. *Market Street Ry. Co.,* 132 Cal. 656, [62 Pac. 308, 64 Pac. 993]; *Harrington* v. *Los Angeles Ry. Co.,* 140 Cal. 523, [98 Am. St. Rep. 85, 63 L. R. A. 238, 74 Pac. 15]; *Bennichsen* v. *Market Street Ry. Co.,* 149 Cal. 18, [84 Pac. 420]; *Thompson* v. *Los Angeles etc. Ry. Co.,* 165 Cal. 748, [134 Pac. 709].) But, under the facts of this case, we think the instruction was not harmful. There was no dispute regarding the position of plaintiff's buggy when it was first

brought to a stop. Nor was it denied that the appellant saw the buggy in ample time to enable him to avoid striking it. His own testimony was that he noticed it when he was still forty or fifty feet away. Whether it was then in a position of danger, or whether the accident was brought about through the subsequent backward motion of the horse, is another question, upon which, as we have seen, the jury found in favor of the plaintiff. Upon the record as it stands, it must, therefore, be taken as established that the appellant saw the buggy while he was forty or fifty feet from it, that so seeing it he drove on until he struck it, and that his so striking it was not due to any intervening motion of the horse. The error in the instruction was, therefore, not one which would justify a reversal.

The appellant complains of the court's refusal to instruct the jury that the mere fact of the occurrence of the accident did not raise any presumption of negligence on the part of the defendant. But it appears that in an instruction numbered 18, the court gave a charge which was substantially the same as the one requested.

The court refused to give a requested instruction on the subject of negligence. Included in it was a statement that the jury might consider, among other things, whether the street in question was in a secluded district where there was little traffic, or in a business district where there was much. Admittedly the place in question was a business district. We think the court covered the subject sufficiently in instructing the jury, as it did more than once, that, in passing on the issue of negligence, it must take into consideration all the facts and circumstances surrounding the particular transaction.

Instruction No. 5, given at the request of plaintiff, also dealt with the question of negligence. Without quoting the instruction, we may say that it is, perhaps, open to criticism as somewhat confused in phraseology. But negligence was so fully and clearly defined to the jury in other instructions that no serious weight can be given to this minor defect.

No other points are made.

The judgment and the order appealed from are affirmed.

Shaw, J., and Lawlor, J., concurred.