[Civ. No. 2293.   First Appellate District.—March 29, 1918.]

## LOBBETT & DEAN (a Corporation), Appellant, v. OAKLAND, ANTIOCH & EASTERN RAILWAY (a Corporation), Respondent.

NEGLIGENCE—COLLISION AT STREET CROSSING—EVIDENCE—LAST CLEAR CHANCE DOCTRINE INAPPLICABLE.—In an action for damages arising out of a collision between plaintiff's motor truck and an interurban train of the defendant at a city street crossing, where the motorman's negligence, if any, lay in his speeding up the train after having slowed down, upon the erroneous assumption that the truck would stop before it reached the crossing, the doctrine of last clear chance is inapplicable, since actual knowledge on the part of defendant's servant of the perilous condition of the truck was necessary.

ID.—KNOWLEDGE OF DANGER—DOCTRINE INAPPLICABLE.—The last clear chance rule does not apply when the defendant was not, but should have been, aware of the plaintiff's danger.

36 Cal. App.—41

Id.—Avoidance of Collision—Immaterial Finding.—In such an action the finding that plaintiff's driver could have turned to either side and avoided the collision was immaterial, inasmuch as plaintiff's driver was clearly negligent in not having his truck under control when approaching the crossing.

APPEAL from a judgment of the Superior Court of Alameda County. Everett J. Brown, Judge.

The facts are stated in the opinion of the court.

B. D. Marx Greene, Greene & Sinclair, and Barry J. Colding, for Appellant.

Snook & Church, for Respondent.

ZOOK, J., *pro tem.*—This is an action for damages arising out of a collision between plaintiff's motor truck and an interurban train of the defendant, as a result of which plaintiff's truck was badly damaged. The scene of the accident was at the crossing of Shafter Avenue, over which defendant has a right of way, and Cavour Street, in the city of Oakland. The crossing is at grade and both streets are practically level at that point. There was practically no conflict of evidence upon the trial, and the facts, briefly stated, are as follows: Plaintiff's driver, who admitted that he was perfectly familiar with the crossing in question and had frequently seen trains of the defendant pass by at that point, was driving a five-ton truck, loaded with rock, westerly along Cavour Street, at the rate of about eight miles per hour, about the maximum speed of the machine when loaded. When about thirty-three feet from the crossing he threw out his clutch, and after he had gone about eight feet farther, he saw defendant's train approaching. He immediately put on both brakes in an endeavor to stop, but was carried by the momentum of the heavy load to a point two feet from the nearest rail of defendant, and within the interference line of the train. He made no endeavor to turn to the right or left along Shafter Avenue, although the court expressly found that by so doing he could easily have avoided the collision. Defendant's motorman testified that he first saw the truck when about three hundred feet from the crossing; he immediately put on the air-brake in order to stop

and let the truck cross ahead of him, and could have brought
the train to a standstill before it reached the crossing; but,
seeing the truck slowing down, he speeded up the train upon
the assumption that the truck would stop in time. When he
finally saw that the truck was in danger, he was unable to
stop the train in time to avoid a collision. Upon this state
of facts, the court found that both plaintiff's driver and de-
fendant's motorman were negligent, and gave judgment in
favor of defendant upon the ground of plaintiff's contribu-
tory negligence.

Appellant's main contention is that, conceding its own
negligence, the case is one for the application of the last
clear chance rule, but we are of the opinion that this claim
is not well founded. The motorman's negligence, if any,
lay in his speeding up the train after having slowed down,
and the reason given by him for doing so was his erroneous
assumption that the truck would stop before it reached the
crossing. He having shown a reasonable degree of care in
slowing down but a moment before, when he thought the
truck was going to cross, it is only reasonable to accept his
statement that he thought any danger was passed when he
speeded up again. Under these circumstances, there being
no other evidence as to the state of the motorman's mind, the
plaintiff has wholly failed to establish one of the principal
conditions precedent to the application of the rule in ques-
tion, namely, actual knowledge on the part of defendant's
servant of the perilous position of the truck. Appellant's
claim that the last clear chance rule applies where the de-
fendant is in possession of facts from which a reasonable man
would infer that plaintiff was in peril, although he may not
have actual knowledge of such peril, is based upon a single
sentence contained in the opinion of the supreme court in
*Arnold* v. *San Francisco-Oakland Terminal Ry.*, 175 Cal. 1,
[164 Pac. 798]. That the language relied on was inadver-
tently used in that case is apparent from the recent case of
*Collins* v. *Marsh*, 176 Cal. 639, [169 Pac. 389], where it is
said that "it is well settled in this state that the 'last clear
chance' rule does not apply when the defendant was not, but
should have been, aware of the plaintiff's danger."

Appellant's only other contention is that the finding of
the court that plaintiff's driver could have turned to either
side and avoided the collision is not supported by the evi-

dence. Inasmuch as plaintiff's driver was clearly negligent in not having his truck under control when approaching the crossing, this finding is immaterial, and not necessary to support the judgment.

The judgment is affirmed.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.