[Civ. No. 3029.   Second Appellate District, Division Two.—December 19, 1919.]

MICHAEL RINEY, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

[1] NEGLIGENCE—INJURY WHILE CROSSING TRACKS—FAILURE TO LOOK AND LISTEN—CONTRIBUTORY NEGLIGENCE.—In this action for damages for personal injuries resulting to plaintiff from being run over by one of the defendant's interurban electric cars while he was attempting to cross the street, although the plaintiff looked and listened for the approach of cars before he left the sidewalk, his failure to again look and listen before crossing the second track, which was twenty-one feet beyond the first, the observance of either of which acts would have warned him of the approach

---

1. Duty of traveler after looking both ways on approaching track to look just before crossing, note, Ann. Cas. 1914A, 536.

Duty to stop, look, and listen before crossing tracks of an electric road, notes, 15 L. R. A. (N. S.) 254; 23 L. R. A. (N. S.) 1224.

of defendant's car, constituted such contributory negligence as to bar recovery, notwithstanding such car was traveling at·an excessive rate of speed and the motorman failed to sound any warning.

[2] ID. — INTERURBAN CAR LINE — RULES OF CAUTION APPLICABLE. — Where a street which is largely given over to railway traffic is unpaved except at the crossing, and the double tracks which are utilized by an interurban car line are open and unballasted, with the exposed ties and "T" rails projecting their full height above the street level, the rules of caution applicable are rather those of the steam railway than of street-car traffic.

[3] ID. — LAST CLEAR CHANCE — WHEN DOCTRINE APPLICABLE. — The doctrine of the last clear chance is not applicable where both parties are guilty of concurrent acts of negligence, each of which, at the very time of the accident, contributes to it, but only to conditions where the defendant, knowing of plaintiff's danger and that he cannot extricate himself from it, fails to do something which is in his power to do to avoid the injury.

[4] ID. — KNOWLEDGE OF DANGER NECESSARY. — In order to make the last clear chance rule applicable it is not enough that defendant ought to have known, but it must appear that he actually did know, of plaintiff's position of imminent danger.

APPEAL from a judgment of the Superior Court of Los Angeles County.    Curtis D. Wilbur, Judge.    Affirmed.

The facts are stated in the opinion of the court.

William Ellis Lady for Appellant.

Frank Karr, R. C. Gortner and E. E. Morris for Respondent.

SLOANE, J.—This is an appeal by plaintiff from a judgment of nonsuit in defendant's favor.    The action is for damages resulting to plaintiff from being run over by one of defendant's electric cars.    On the trial, at the conclusion of plaintiff's case, the court gave judgment for defendant on the ground that plaintiff's evidence affirmatively established contributory negligence.

The injury occurred on defendant's electric railway in the city of Venice.    Trolley Way, the street occupied by

---

3.    Origin, function, and mode of operation of doctrine of last clear chance, note, 55 **L. R. A.** 418.

the railway, is, at the place of the accident, intersected by Horizon Avenue. At this intersection plaintiff, who was walking in a northerly direction upon a sidewalk along the east side of Trolley Way, left the walk to cross Trolley Way, with its double-track railway. The width of the street at this point, from curb to curb of the sidewalk, seems to be sixty feet. The first rail of the first car track is 14.3 feet from the curb. The track itself is 4.71 feet wide, and the space between the two tracks is twenty-one feet. It was upon the second track that plaintiff was injured. According to his own testimony, the only time he looked or listened for an approaching car was when he left the sidewalk to cross the street. Although there was an open view for five hundred feet, and his hearing was good, he says he neither saw nor heard any indication of an approaching car. From that point, until he was struck by a west-bound car on the second track, the evidence discloses that he paid absolutely no further heed to his surroundings, but proceeded leisurely across the street, apparently engrossed in introspective reflections. The distance he traveled was over forty feet, and he then entered upon the second track without looking up or even listening. At this time there was a car speeding down toward him at what the witnesses estimate at a rate of thirty or forty miles per hour, upon an open, unpaved track, with a noise which one of plaintiff's witnesses heard half a block away, and which, as a matter of common knowledge, must have been sufficient, at such a speed and on such a track, to give warning of its approach at a considerable distance. The testimony is to the effect that no gong or whistle was sounded until the car was within from fifteen to thirty feet of plaintiff.

[1] There is no question that the evidence shows negligence on the part of defendant; but it is equally evident that plaintiff was guilty of contributory negligence. Considering the distance plaintiff had to travel from the curb, where he took his only observation of the street, to the second track, where he was struck, the most obvious dictates of common prudence required him to look and listen again before entering on this second track, which was separated from the first, not by the usual distance of five or six feet, but by a space of twenty-one feet. It is evident that plaintiff could have avoided this injury by the most

casual use of his sense of sight or hearing at almost any point between the two tracks, notwithstanding the excessive rate of speed of the car and failure of the motorman to sound a reasonable warning.

[2]    The diagrams and photographs introduced in evidence show that this street was largely given over to railway traffic. The street is unpaved, except at the crossing, and the double tracks are open and unballasted, with exposed ties and "T" rails projecting their full height above the street level. The tracks are utilized by an interurban car line. The rules of caution applicable, therefore, are rather those of the steam railway than of street-car traffic. (*Simoneau* v. *Pacific Electric Ry. Co.*, 159 Cal. 504, [115 Pac. 320]; *Heitman* v. *Pacific Electric Ry. Co.*, 10 Cal. App. 398, [102 Pac. 15]; *Brown* v. *Pacific Electric Ry. Co.*, 167 Cal. 199, [138 Pac. 1005]; *Martz* v. *Pacific Electric Ry. Co.*, 31 Cal. App. 592, [161 Pac. 16]; *Starck* v. *Pacific Electric Ry. Co.*, 172 Cal. 280, [L. R. A. 1916E, 58, 156 Pac. 51]; *Griffin* v. *San Pedro etc. R. R. Co.*, 170 Cal. 772, [L. R. A. 1916A, 842, 151 Pac. 282] · *Holmes* v. *Southern Pac. R. R. Co.*, 97 Cal. 167, [31 Pac. 834]; *Green* v. *Los Angeles Ry. Co.*, 143 Cal. 31, [101 Am. St. Rep. 68, 76 Pac. 719].)

[3]    The doctrine of the last clear chance is not applicable to this case. The decision in *Wing* v. *Southern Pac. R. R. Co.*, 181 Cal. 468, [184 Pac. 949], cited by appellant, did not raise a question of the last clear chance, but of ordinary negligence. The rule has no application to a case where both parties are guilty of concurrent acts of negligence, each of which, at the very time of the accident, contributes to it, but only to conditions where the defendant, knowing of plaintiff's danger and that he cannot extricate himself from it, fails to do something which is in his power to do to avoid the injury. (*Green* v. *Los Angeles Ry. Co.*, 143 Cal. 41, [101 Am. St. Rep. 68, 76 Pac. 719].) There is no evidence here that the motorman discovered, in time to avoid the accident, that plaintiff was in danger from which he could not escape. [4]    It is not enough that defendant ought to have known, but it must appear that he actually did know, of plaintiff's position of imminent danger. (*Lobbett* v. *Oakland etc. Ry. Co.*, 36 Cal. App. 641, [172 Pac. 1123]; *Collins* v. *Marsh*, 176 Cal. 639, [169 Pac. 389]; *Thompson* v. *Los Angeles etc. Ry. Co.*, 165

Cal. 748, [134 Pac. 709]; *Starck* v. *Pacific Electric Ry. Co.,* 172 Cal. 277, [L. R. A. 1916E, 58, 156 Pac. 51].)

We think it is clear that plaintiff in this case was the unfortunate victim of his own abstraction of mind, from the consequences of which the negligence of defendant cannot relieve him, and that the judgment of nonsuit was justified. (*Ross* v. *Pacific Electric Ry. Co.,* 39 Cal. App. 658, [179 Pac. 538].)

The other grounds of alleged error are not well taken. Judgment affirmed.

Finlayson, P. J., and Thomas, J., concurred.