[Civ. No. 9843. First Appellate District, Division Two.—November 15, 1935.]

JAMES HENSLEE, Respondent, v. JOHN FOX et al., Appellants.

Cooley, Crowley & Supple for Appellants.

Ingemar E. Hoberg and Arthur Klang for Respondent.

STURTEVANT, J.—This is an appeal by the defendants from a judgment based on the verdict of a jury which awarded the plaintiff damages for injuries suffered in an automobile collision.

The accident occurred in Berry Street between Third and Fourth Streets in San Francisco. That portion of Berry Street is private property owned by the Southern Pacific Company and maintained by it to facilitate the loading and unloading of freight at Grocers Terminal Building. Whether Berry Street is a public thoroughfare was, on the trial, treated as a question of fact. Evidence *pro* and *con* was introduced by the parties and the issue was submitted under appropriate instructions for determination by the jury.

The street runs east and west. It is 57 feet wide from curb to curb. The diagram used in the trial shows 457 feet of the street leading from Third Street west. The Grocers Terminal Building extends along the entire southern line of such portion and a railroad track extends along the entire northern line. No sidewalks are shown on either the north or the south line. On the day of the accident Carl Forrest, a truck driver, had driven a truck up to a box car on the north side of Berry Street at a point in about the middle of the block. The plaintiff, driving a motorcycle with a side car attached, entered Berry Street from Third Street, drove past the truck so parked by Forrest to the premises occupied by Sussman & Wormser in the western end of the Grocers Terminal Building, made a delivery, and then the plaintiff turned his motorcycle around and started to go back into Third Street. At about that same time Forrest commenced to "straighten" up his truck, that is he commenced to so place it that the rear end would be abutting the door of the box car. As to the movements of each party the evidence is conflicting. There were only two eye witnesses, the plaintiff and Forrest. The plaintiff testified that when he started to return to Third Street a truck was parked on the south line of the street and standing almost at right angles thereto. As we scale the diagram contained in defendants' brief said truck stood on the opposite side of the street from the truck parked by Forrest and about 75 feet west. The southerly truck the witness estimated to be about 8 feet wide, 25 feet long, and to be standing 10 or 12 feet from the curb. Continuing he testified that he proceeded to drive around the north or front end of the southerly truck turning slightly to his right. When at a point about 40 or 50 feet to the west he saw Forrest's truck. It was standing still. At that time it stood at an angle to the box car. He showed the jury by placing a card on the diagram but the record does not show the illustration to us. When plaintiff was 3 or 4 feet from Forrest's truck he saw it start forward and turn toward plaintiff. Before starting up he did not observe Forrest give any signal. The truck moved forward 3 or 4 feet and the impact occurred. He claimed the bumper of the truck ran over and bent down the foot pedal on his car. The witness testified that another truck was parked with its end gate abutting the Grocers Terminal Building opposite Forrest's truck and slightly to the

east. He also testified that other trucks varying in size were in Berry Street but he did not specially locate them. The witness testified that the impact occurred at a point which he marked on the diagram as being slightly north of the middle line of Berry Street, or, in other words, slightly on his left-hand side of Berry Street. On the fender of the right front wheel of Forrest's truck the photograph thereof shows an indentation and enamel broken on the outer edge, near the top and about two feet from the extreme front end of the truck. The defendants claim that the mark was made by the handle bar of plaintiff's motorcycle. It may have been. There is no direct evidence on the point.

The pleadings presented the issues of both negligence and contributory negligence. Both issues were fully tried and submitted under appropriate instructions. ■ But the defendants claim that the plaintiff was guilty of contributory negligence as a matter of law. They cite and rely on the cases which involved accidents which occurred on the public highway and which were ruled by the provisions of the California Vehicle Act. (2 Deering's Gen. Laws, 1931, Act 2453.) If we assume that the statute mentioned rules the instant case, under uncontroverted evidence the plaintiff was guilty of contributory negligence which was the proximate cause of his injury. As shown by the record the plaintiff was on his left-hand side of the middle of the driveway at the time of the accident and had been so traveling for approximately 125 feet as he came toward Third Street. True, there were other vehicles on his right-hand side, but there were other vehicles on his left-hand side—the territory was a busy place. But the record shows that the street was no more occupied by vehicles on the plaintiff's right than it was by those on his left and that there was as much clear space between the middle line of the street and the vehicles on his right as between that line and the vehicles on his left. If he had been on the right-hand side of the middle line the accident never would have happened. ■ If we assume the driveway in which the accident occurred was not a public highway, that fact does not place the plaintiff in a more advantageous position. After the plaintiff had made his delivery, turned, and drove directly toward Third Street, if Forrest started to move forward their lines of travel must necessarily intersect in a very few feet. In *Campbell* v. *Chicago City Ry. Co.*, 212 Ill.

App. 344, at page 351, the court said: "When two men are driving on lines that visibly intersect, the general obligation of ordinary care becomes for each a definite duty, and if, as they approach, their contiguity and mutual movements suggest a probable or even a possible collision, neither is entitled to act on the assumption that the other will give way." Under the undisputed facts the plaintiff drove east toward Third Street immediately prior to the accident traveling at 10 to 12 miles an hour. He did not pause nor attempt to inform himself whether Forrest's truck was about to move forward. It was his duty to have done so.

The defendants complain because the court instructed the jury on the doctrine of the last clear chance. The plaintiff replies by quoting evidence in addition to what has been set forth above. Carl Forrest testified that he saw the plaintiff when he was 200 feet west of the point of the collision. He testified that the plaintiff was driving forward while looking up at the top of Grocers Terminal Building. Claiming such evidence shows that he was "totally unaware" of his danger, the plaintiff then argues he was entitled to have the doctrine of the last clear chance stated to the jury. (*Girdner* v. *Union Oil Co.*, 216 Cal. 197, 202 [13 Pac. (2d) 915].) That argument does not carry the plaintiff far enough. The doctrine rests on what the defendant actually knew. (*Herbert* v. *Southern Pac. Co.*, 121 Cal. 227, 232 [53 Pac. 651]; *Collins* v. *Marsh,* 176 Cal. 639, 643 [169 Pac. 389].) Turning to what Forrest actually knew, the record is quite full and complete. He testified that after he had driven his truck alongside of the box car, from time to time he looked back toward Third Street. He saw the plaintiff when the latter was 200 feet west of him. He saw him at least twelve times. At all times the plaintiff was looking up toward the top of the Grocers Terminal Building. For that reason Forrest started and stopped several different times thinking the plaintiff would "wake up". Finally, reaching the conclusion there might be a collision, Forrest stopped his truck and it was standing still when the plaintiff came up and ran into the right front fender. The plaintiff did not pursue the subject and show by any evidence that when Forrest realized a collision was possible and stopped his truck he then had either space or time within which to back his truck out of the path the plaintiff was traveling. The burden was on the plaintiff

to do so. (*Young* v. *Southern Pacific Co.*, 189 Cal. 746, 758 [210 Pac. 259].) But we are not holding that, under the facts of this case, in the exercise of ordinary care Forrest was called upon to back up. (*Campbell* v. *Chicago City Ry. Co.*, *supra.*) Under these circumstances we think it is perfectly clear it may not be said after Forrest realized plaintiff's inability to escape danger Forrest had the last clear chance to avoid injuring the plaintiff by the exercise of ordinary care and failed to do so. Therefore it was reversible error to instruct the jury with respect to the doctrine of the last clear chance. (*Poncino* v. *Reid-Murdock & Co.*, 136 Cal. App. 223, 228 [28 Pac. (2d) 932].)

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 14, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 13, 1936.