[Civ. No. 10444. First Appellate District, Division Two.—March 10, 1938.]

JAMES HENSLEE, Respondent, v. JOHN FOX et al., Appellants.

Cooley, Crowley & Supple for Appellants.

Ingemar E. Hoberg for Respondent.

STURTEVANT, J.—This is an appeal taken by the defendants from a judgment against them in a personal injury case and from an order granting plaintiff a new trial on the sole issue of damages. It is the second appeal. (*Henslee* v. *Fox*, 10 Cal. App. (2d) 202 [51 Pac. (2d) 1176].)

The accident happened at about 10:30 A. M. on November 7, 1932. The place was in Berry Street between Third and Fourth Streets in San Francisco. Berry Street runs east and west and Third and Fourth Streets run north and south. Grocers Terminal building extends along the entire southern side of Berry Street and a railroad track extends along the entire northern side. The space between is used as a street although the fee is vested in the Southern Pacific Company. At the time of the accident there were lined up in Berry Street on the south side nine different vehicles. Each stood at a right angle to the line of the street. The majority of them stood closely abutting the Grocers Terminal building. One, about 125 feet west of the accident, was abutting the middle line of Berry Street. That vehicle was marked H-two. Another stood about 75 feet east. It extended from the south line to the middle line of the street. Between those two another stood at a point almost opposite the truck being operated by Forrest, one of the defendants. On the north side of the street there were, including said truck, five different vehicles, all of which, except the truck, stood at right angles to and closely abutting the railroad track. The street is 57 feet wide measuring from the north line of the Grocers Terminal building to the railroad track. The evidence was conflicting as to whether the defendants' truck was moving or at a standstill. But it was in a position northwest to southeast with its front wheels turned somewhat to the right with the rear end toward the railroad. It was about 25 feet long.

The plaintiff entered Berry Street from Third Street, drove down the space between the fronts of the trucks and delivered a package at the premises occupied by Sussman-Wormser and Company at the west end of the block. He then turned his motor car around and started to return to Third Street. He was driving a motorcycle with a sidecar attached. Including the extension of the handles it was about as wide as an automobile. He testified that as he started east he was at once compelled to drive in the middle of Berry Street or on his left to pass the vehicle H-two. As he continued farther he was in the middle or partly on his left-hand side of the street. When he was 50 or 60 feet west of the defendants' truck it was standing still. The plaintiff testified he continued on his course and when he was three or four feet from the truck it moved forward, the front wheel ran over the left pedal of the motorcycle and broke his left leg.

The defendants assert that the plaintiff, at the time of the accident, was driving on his left-hand side of the street. The plaintiff quotes the record to show he was compelled to do so by reason of the traffic in the street. The defendants claim the showing is insufficient to excuse the plaintiff's acts. We think it is sufficient. As the plaintiff drove east from Sussman-Wormser and Company he was compelled to pass in front of nine vehicles abutting the grocery building. One of those vehicles extended out nearly to the middle line of the street. Three others extended out 12 to 15 feet and the space between such last-mentioned vehicles and the middle line was about 8 feet. The plaintiff's machine and attachments were about as wide as an automobile. The defendants then argue that there was a foot and one-half of space more than enough if the plaintiff had barely missed the parked vehicles and had remained in his right-hand side of the street. The plaintiff testified regarding the positions and movements of each of the vehicles which we have mentioned. He also testified that when he had made his delivery at the office of Sussman-Wormser and Company he returned to his motorcycle, turned it around in the western end of Berry Street, and started back the way he had come. Plaintiff saw defendants' truck when he was about 40 or 50 feet away. He testified he continued to observe it and drove forward at a speed of 10 or 12 miles, but on nearing it he dropped to a speed of six or seven miles. He did not weave in and around the stand-

ing vehicles but drove near the middle line. When making the turn in front of Sussman-Wormser and Company he was at times on the left-hand side, later he was partly on the left and partly on the right hand side of the middle line of the street. At the time of the impact the front of defendants' truck was one and one-half or two feet from the middle line of the street and the front of the opposite vehicle was about four feet from the middle line of the street. The space between was a little more than the width of an automobile. By its verdict the jury found that the plaintiff was driving as near his right-hand side of the street as, in the exercise of reasonable care, he could in view of the congestion of the traffic. We may not disturb that implied finding.

The defendants contend the plaintiff was guilty of contributory negligence as a matter of law because he was driving in part, at least, on his left-hand side of the street. That at times he was so driving will be conceded. It must also be conceded that Berry Street is a narrow street, much used by trucks for parking and for traveling, and that at the time of the accident there were many trucks and other vehicles within its bounds. Furthermore, the trucks at times backed to the north side or the south side and parked. That some of such trucks when so parked extended from the exterior boundary of the street out to approximately the middle line of the street. At the time of the accident section 122 of the California Vehicle Act provided as follows: "(a) Upon all highways of *sufficient width,* other than one-way highways, the driver of a vehicle shall drive the same upon the right half of the highway, except when the right half is out of repair and for such reason impassable, or when overtaking and passing another vehicle subject to the limitation set forth in section 125." As the plaintiff drove east on his return trip he was bound not to drive so close to the front ends of the vehicles parked on the right-hand side of Berry Street as to endanger them. Furthermore, said driver would, or should, be aware that any one of the parked vehicles might start forward at any moment. As to whether Berry Street was or was not "*of sufficient width*", to allow the plaintiff to drive on his right-hand side became a question of fact for consideration and determination by the jury and not solely a question of law. By its verdict the jury also determined that issue in favor of the plaintiff. Considering all of the

facts we may not say the plaintiff was guilty of negligence as a matter of law.

As stated above, when the plaintiff was within three or four feet of the truck he then saw it move. For about five minutes before that it had been standing still. When he was in that place he testified the driver of the truck started forward and collided with the plaintiff's motorcycle. Immediately before the impact, under the uncontroverted evidence, the plaintiff had proceeded in the unoccupied zone and had traversed it for a distance of about 150 feet. He says he was given no warning. Before the driver of the truck started to move he was bound to look. Our statute provides: "The driver of any vehicle upon a public highway before starting, turning or stopping such vehicle shall first see that such movement can be made in safety, and if it cannot be made in safety, shall wait until it can be made in safety; . . . " (California Vehicle Act, sec. 130a.) The view of the driver of the truck was not obstructed. In fact he testified he was looking at the movements of the plaintiff. However, he also claimed his truck was at a standstill and, without looking, the plaintiff ran into the parked truck. In support of the verdict we must assume the jury did not believe and did not accept as true the statement of the truck driver, and found him guilty of negligence.

The defendants claim that *Henslee* v. *Fox, supra,* is the law of the case. In their briefs they are contented to state that the evidence introduced on the second trial was the same as the evidence that was introduced on the first trial. The plaintiff claims it was substantially different in certain material respects and specifies the particulars. We think it was substantially different as clearly appears by a comparison of the facts stated in our former decision with the facts herein set forth. Under these circumstances the doctrine of the law of the case is not applicable. (*Madsen* v. *Le Clair*, 125 Cal. App. 393 [13 Pac. (2d) 939;] *Wallace* v. *Sisson*, 114 Cal. 42 [45 Pac. 1000].)

Acting upon the request of the plaintiff the trial court instructed the jury as follows:

"If you find from the evidence that the place where this accident occurred was not *customarily* used by the general public as a thoroughfare, then the provisions of the Motor Vehicle Act do not apply.

"However, in either event, the defendants are not absolved from the duty of exercising ordinary care for the safety of others. In determining whether or not ordinary care was exercised, you may ask yourselves this question: 'Did the defendant Forrest exercise that degree of care and caution that would have been exercised by an ordinarily careful and prudent person acting in same or similar circumstances?' "

The defendants complain of the presence of the word "customarily". They contend that the statute contains no such limitation. The statute is section 21 of the California Vehicle Act. It does not contain the word "customarily". But the insertion of that word was not prejudicial. Both the general law and the California Vehicle Act impose on the operators of vehicles the duty to exercise reasonable care not to injure others. Other instructions stated the same rule. Read as a whole, the charge of the court correctly stated the law on the subject.

The court in like manner gave another instruction:

"If you find from the evidence in this case that the place where the accident occurred was a highway *customarily* used by the general public, and you further find that the driver of the truck in question started or turned his truck upon such highway at a time when the plaintiff might reasonably be affected by such movement, and failed or omitted to give a plainly visible signal to plaintiff of his intention to make such movement, then the driver of the truck was negligent. If such negligence, if any, was the sole proximate cause of plaintiff's injury then your verdict must be in favor of the plaintiff without the necessity of further proof of negligence on the part of the defendants." Defendants contend that as given it was a formula instruction and failed to state "and that the plaintiff was free from negligence". That criticism is not well founded. The use of the word "sole" implied the limitation, the omission of which the defendants complain. When read in connection with the other instructions which were given, the instruction was not an incorrect statement of the law.

After the verdict had been recorded each party separately made a motion for a new trial. The court denied the motion of the defendants but granted the motion of the plaintiff "on the sole issue of damages on ground of insufficiency of

evidence to justify the verdict". From that order the defendants also appealed.

■ In support of the order of the trial court the plaintiff calls our attention to the fact that the verdict was for $5,000. It is conceded that by reason of the uncontradicted evidence relating to special damage, this award allowed no more than $363.69 as compensation for general damage such as pain, suffering and permanent disability. This latter allowance the plaintiff asserts was wholly inadequate under the facts and therefore the order granting a new trial on the sole issue of damages should be affirmed.

The defendants reply that the power to grant a new trial of part of the issues of a case is dependent upon the undoubted separability and distinctness of the issues and the absence of a resulting prejudice to the rights of the other party. Continuing, they claim that the facts in the instant case show the order should not have been made and therefore it was an abuse of discretion to make it. They concede the rule in this state is as stated in *Estate of Everts,* 163 Cal. 449, at page 452 [125 Pac. 1058] : "It is within the power of the trial court, where there is more than one issue of fact in a case and such issues are distinct and separable in their nature, to order a new trial of one issue and refuse it as to the others. (*San Diego L. & T. Co.* v. *Neale,* 78 Cal. 63, 64 [3 L. R. A. 83, 20 Pac. 372] ; *Duff* v. *Duff,* 101 Cal. 1, 4 [35 Pac. 437] ; *Mountain etc. Co.* v. *Bryan,* 111 Cal. 36, 38 [43 Pac. 410].)" However, they claim the facts of this case do not bring it within said rule. We think they do. If the plaintiff was injured through no fault of his own but solely by the negligence of the defendants, in an action against the latter he was entitled to compensatory relief. (Civ. Code, sec. 3281.) The elements of his damages are well settled. (*Kline* v. *Santa Barbara,* 150 Cal. 741, 748 [90 Pac. 125].) Proof of any element of plaintiff's damages will not require the taking of a particle of evidence involving the manner of the breaking of the plaintiff's leg, that is, the facts of the accident. The new trial will be on matters wholly distinct and separable from the issues on which defendants' motion for a new trial was denied. We see nothing in the nature of abuse of discretion in making the order.

The order and judgment appealed from are affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition 'by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 9, 1938.