Filed Nov. 21, 1893.

———◆———

No. 847.

GREEN ET AL. *v.* BROWN, ADMINISTRATOR.

DECEDENTS' ESTATES.—*Final Settlement.—What Does not Amount to.— Administrator De Bonis Non.*—Where an administrator filed what purports to be his final report, to which exceptions were filed by claimants, but the exceptions are subsequently withdrawn, with right to enforce and collect their claims in the future, and the order concludes as follows: "And the estate is continued as to matters embraced in the exceptions only for further administration as the court may authorize and direct, and said * * [A.] now tenders his resignation as such administrator, which is accepted, and said administrator finally discharged," the provisions of the order continuing the estate for certain purposes, and accepting the resignation of the administrator, are wholly inconsistent with the idea of final settlement, and an administrator *de bonis non* may be appointed under the provisions of section 2240, R. S. 1881.

From the Hamilton Circuit Court.

*S. Claypool* and *J. W. Claypool,* for appellants.
*W. R. Fertig* and *H. J. Alexander,* for appellee.

GAVIN, J.—This was an application by appellants, to revoke letters granted to appellee as administrator *de bonis non* of the estate of Seth Green, deceased.

The former administrator of this estate filed in said court, in which the trust was pending, what purported to be his final report in said estate, on April 4th, 1888. Proper notices were given, and on September 28th, 1888, the following order was made thereon by the court:

"And the court, having seen and examined said re-

port, and being sufficiently advised in the premises, does approve and confirm the same in all respects as to everything embraced therein, and discharges the administrator from further duty or liability as to the matters embraced in said report.

"And come now Joseph R. Gray, William A. Semans, James R. Christian and A. J. Fryberger and file exceptions herein in the words and figures following, to wit: [here insert] And come now said exceptors and withdraw their exceptions as to matters embraced in said report, and consent to its approval, reserving their right to enforce and collect their claims in the future. And the estate is continued as to matters embraced in the exceptions only for further administration as the court may authorize and direct, and said Ezra Swain now tenders his resignation as such administrator, which is accepted, and said administrator finally discharged."

The question presented for our determination is whether or not this constitutes a final settlement of said estate.

While there is considerable confusion in this entry, we think it clear that it does not constitute a final settlement of the estate. The entire entry must be construed together, and a consistent interpretation then given to it if possible.

An order of final settlement necessarily means a determination of all matters proper to be included therein, unless they are excepted therefrom, in accordance with the express provisions of the statute, as is, for example, provided by section 2401, R. S. 1881.

In this case the court expressly continued the estate for certain purposes. The court also accepted the resignation of the administrator.

These provisions of the order wholly exclude the idea of a final settlement of the estate.

The appointment of the appellee was, therefore, within the provisions of section 2240, R. S. 1881, which authorizes the appointment of an administrator *de bonis non* in the event of the resignation of the administrator of an estate.

The authorities to which we have been referred by appellant, are applicable only to cases where there has been an order showing an actual, final, and complete settlement regularly entered by the court, or to cases where the conclusiveness of report and resignation duly approved has been questioned collaterally.

Some questions of practice have been suggested by counsel for the appellee, which we have deemed it unnecessary to consider in the view we have taken of the main question.

Judgment affirmed.

Filed April 11, 1893; petition for a rehearing overruled Nov. 24, 1893.