[Civ. No. 2038.    Third Appellate District.—November 7, 1919.]

## LAURA HILDA STEWART, Appellant, v. SAN JOAQUIN LIGHT & POWER CORPORATION (a Corporation), Respondent.

[1] NEGLIGENCE—DEFENSES—EVIDENCE—FINDING—VERDICT.—In an action for damages for death based on negligence, if there is substantial evidence sustaining the defendant's plea of contributory negligence, or its denial of any negligence on its part proximately causing the injury, the judgment in its favor must be affirmed, as a finding by the jury in favor of the defendant on either would necessarily result in a verdict for it.

[2] ID.—AUTOMOBILE ACCIDENT—NEGLIGENCE OF DRIVER—EVIDENCE—FINDING.—In this action for damages for the death of an automobile passenger as the result of coming in contact with a power wire of the defendant company, following a collision between the automobile and one of the poles supporting such wire, from the evidence the jury might well have drawn the conclusion that the driver of the automobile was driving in a very careless and reckless manner, and that it was negligence to drive a car over a wet and oil-surfaced road that he had not traveled before, when it was dark, and had been raining to some extent, part of the time with insufficient lights and, at the time of the accident, without any lights whatever.

[3] ID.—RESPONSIBILITY OF PASSENGER.—While an automobile passenger cannot be held responsible for the negligence of the driver, unless he has some control over him and his conduct, he is responsible for his own negligence and is bound to use due care to keep himself free from injury.

[4] ID.—FAILURE OF PASSENGER TO TAKE PRECAUTIONS.—Where there was evidence that the deceased knew that the driver of the automobile was driving the car over an unknown road, in the dark, at a rate of speed of eighteen to twenty miles per hour, and without adequate and, at some points, without any lights, the jury might well have concluded that it was negligence for the deceased to have not taken some precaution for his own safety in requesting the driver to lessen his speed, or to stop and permit him to remove himself from the car, and having so concluded, they would have been justified in concluding that the accident was the result of negligence properly attributable to the deceased.

[5] ID.—ERECTION OF POLES ALONG HIGHWAY—DUTY OF POWER COMPANY.—A power company, in building its power line along the edge of a public highway, owes a duty to the public to build it of such construction and in such manner that it will not be a menace to those who have occasion to travel the highway. It is its duty to anticipate such uses of the road as will probably occur, and to provide against accidents from its poles from such causes as might reasonably be anticipated.

APPEAL from a judgment of the Superior Court of Tulare County. Henry C. Gesford, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. S. Bell for Appellant.

Short & Sutherland and Murray Bourne for Respondent.

ELLISON, P. J., *pro tem.*—The plaintiff is the widow of one Carl D. Stewart, and brings this action to recover damages for his death, alleged to have been caused by the negligence of the defendant.

---

3. Negligence of driver of automobile as imputable to occupant or guest, notes, 19 Ann. Cas. 1225; Ann. Cas. 1913B, 684; Ann. Cas. 1915B, 769; Ann. Cas. 1916E, 268; Ann. Cas. 1918B, 841; Ann. Cas. 1918C, 961; L. R. A. 1915B, 953.

5. Liability of electric company for injury or death of traveler coming in contact with electric wire in highway, notes, 4 Ann. Cas. 709; Ann. Cas. 1913D, 912; 31 L. R. A. 566; 22 L. R. A. (N. S.) 1169.

It is set forth in the complaint that on the ninth day of May, 1915, the defendant was the owner of and maintaining, for the purpose of its business of selling electricity, a line of poles upon which was strung high-power wires or cables along and upon the side of a public road running from Woodlake, in the county of Tulare, to Seaville, in the same county; that at a point about one mile from the town of Seaville the defendant maintained a pole upon said highway forming a part of its power line and supporting a high-power electric cable carrying a heavy voltage of electricity; that said pole was in a rotten and dangerous condition and dangerous to people traveling said highway; that the defendant knew of its condition; that on May 9, 1915, Carl D. Stewart was a passenger in an automobile as the guest of one George Cole, who was driving the machine, and Stewart had no control or management of said automobile; that said automobile at said time, while being driven along said highway by said Cole, and through no negligence of said Carl D. Stewart, came in contact with said pole; that, by reason of the rotten condition of the pole it broke off at the top of the ground and also in two or three other places, and the cable dropped upon the automobile and upon Carl D. Stewart, and he was killed instantly by reason of his coming in contact with said cable carrying a heavy voltage of electricity.

The defendant, as one defense, alleges that the accident was caused by the negligence of said Cole, in driving an automobile while in an intoxicated condition, and in a reckless manner, off the traveled portion of the road and against said power pole, and that said Stewart knew the condition of said Cole, and that he was driving in a reckless manner, and with this knowledge had ample time to remove himself from the machine before the accident happened.

As another defense the defendant denies that it was guilty of any negligence that was the proximate cause of the accident.

The case was tried by a jury and a verdict rendered for the defendant, upon which judgment was entered, and from this judgment the plaintiff appeals.

The only ground relied upon for reversal is the claim that the verdict is not supported by the evidence.

[1]  If there is substantial evidence sustaining the defendant's plea of contributory negligence, or of its denial of any negligence on its part proximately causing the injury, the judgment must be affirmed, as a finding by the jury in favor of the defendant on either would necessarily result in a verdict for it.

While there was a conflict in the evidence on some points, there was sufficient, if accepted by the jury, to show the following facts: That the plaintiff and her husband left their home in Orange Cove, in Tulare County, at about 8 o'clock in the evening of May 8, 1915, at the invitation of George Cole to take an automobile ride, the Stewarts both sitting then on the front seat with Cole; that they went to Seaville, a small town in Tulare County, and took in two other young people, and then proceeded to Woodlake, another small town in the same county, about twelve miles distant, where they arrived between midnight and 1 o'clock, and in the meantime admittedly drank four pints of beer. The party left Woodlake at about 1:30 in the morning, occupying the same position in the car as above, and started home by another road with which they were unfamiliar. The distance from Woodlake to Seaville by the road traveled is about twelve miles. When the party left Woodlake, Cole, who was driving the car, had an ordinary lantern hanging on his radiator-cap, which was originally placed there to supplement his oil dash-lights, his electric lights being out of order and not lighted. None of these lights were burning at the time of the accident, the lantern having been extinguished at Woodlake, and the dash-lights after the repair of a tire was finished, at a time when it was dark. The foot-brakes of the car were out of commission, and the machine was being driven without lights on a wet and oil-surfaced road. When the party had reached a point about a mile from Seaville the car swerved to the right and, after leaving the road, traveled in practically a straight line for about 125 feet and struck defendant's pole, which was on the extreme northerly side of the highway, in line with a row of trees, and about twenty-four feet from the center of the main-traveled portion of the highway. At the moment the car left the traveled portion of the highway it was traveling at a speed of eighteen to twenty miles per hour, and by the time it struck the pole was traveling not to exceed six miles

per hour. There was evidence, although conflicting upon the point, to show it was dark when the accident occurred. The power pole, which was broken as a result of the collision, was twelve inches in diameter at the ground, the inside was rotten, but it had a shell about one-fourth of an inch thick which was very hard, and it and the other poles on the line had withstood the windstorms during the preceding winter. When the car struck the pole it broke in three pieces and the weight of the crossarms and the upper piece of the pole caused the wires to sag down across the machine, striking Stewart and causing his death instantaneously.

[2] From this evidence the jury might well have drawn the conclusion that the driver of the automobile, Mr. Cole, was driving in a very careless and reckless manner. They might justly have concluded that it was negligence for Cole to drive a car over a road that he had not traveled before, when it was dark, and had been raining to some extent, part of the time with insufficient lights and, at the time of the accident, without any lights whatever.

[3] It is true, as claimed by appellant's counsel, that the deceased, Stewart, cannot be held responsible for the negligence of Cole, who was driving the car, unless he had some control over him and his conduct. But it is equally true that he was responsible for his own negligence. He was bound to use due care to keep himself from injury. [4] While he might not have known that the brakes were inefficient, he certainly did know that Cole was driving the car over an unknown road, in the dark, and without adequate and, at some points, without any lights, and at a time when, from the evidence, the jury might conclude it was dark, he was driving at a rate of speed of eighteen to twenty miles per hour, and the jury might well have concluded that it was negligence for the deceased, under such circumstances, to have not taken some precautions for his own safety in requesting the driver to lessen his speed, or to stop and permit him to remove himself from the car. The evidence introduced before the jury would have justified such findings upon their part and, so finding, they would have been justified in concluding that the accident was the result of negligence properly attributable to the deceased.

The foregoing recital of the salient facts of the case is taken mainly from the brief of respondent, but the court has verified it by an examination of the record, and finds it contains a fair statement of the same.

Upon the other defense set up in the answer, that the defendant was not guilty of any negligence approximately causing the accident, the court instructed the jury as follows: "I instruct you that if you believe from the evidence in this case that the defendant could not reasonably have anticipated that a vehicle would leave the traveled portion of the highway and come in contact with its power pole, and by reason thereof cause the said pole to break and fall, it was not called upon, as a matter of law, to take such precautions as would prevent injuries which might result from such contact, and that any accident or injury caused thereby cannot be said to have been caused proximately by the negligence of the defendant."

And again: "If you believe from the evidence that the particular pole in question here was in such condition as to withstand any ordinary strain put upon it by the elements and weather conditions, and such strains as might be occasioned by the ordinary use of the highway by travelers and was in such position as to be safe from the ordinary danger of collision from vehicles traveling on the highway, and that the breaking of said pole was caused by any unusual circumstance over which the defendant had no control and which it was not called upon to reasonably anticipate, then I instruct you that the defendant was not liable because of such breaking and consequent falling of the power wire which caused the power wire to come in contact with and cause the death of Carl D. Stewart, and your verdict should be for the defendant." These instructions state the law correctly and are not complained of by the appellant.

[5] The defendant, in building its power line along the edge of a public highway, owed a duty to the public to build it of such construction and in such manner that it would not be a menace to those who had occasion to travel the highway. It was, as stated in the instruction, its duty to anticipate such uses of the road as would probably occur, and to provide against accidents from its poles from such causes as might be reasonably anticipated.

In the instructions the court left it to the jury to say whether or not the defendant was bound to anticipate that persons driving upon the highway might, either through negligence or design, drive automobiles against the poles that it had set, and they were told that if the defendant, acting with reasonable prudence and with a proper regard for the safety of the public, was not called upon to anticipate that persons might drive against its poles with automobiles, then it was not in duty bound to set said poles or maintain them in a condition to prevent injury from such collision.

The jury might well have found from the evidence in the case, from the width of the road, the location of the pole, and the attending circumstances, that no duty rested upon the defendant to anticipate that anyone, either by accident or design, lawfully traveling upon the highway, would come into collision with the poles which it had set and was maintaining, and, therefore, was not bound to keep a pole of such strength and soundness as would withstand such unexpected contact.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.