[Civ. No. 4954.    First Appellate District, Division Two.—September 12, 1924.]

## S. SOUKOIAN, Respondent, v. CADILLAC TAXI COMPANY, Appellant.

[1] NEGLIGENCE—PERSONAL INJURIES—PEDESTRIAN STRUCK BY AUTOMOBILE—CONTRIBUTORY NEGLIGENCE—EVIDENCE.—In an action for damages for personal injuries sustained by a pedestrian by being struck by an automobile, it cannot be said that plaintiff is chargeable with contributory negligence as a matter of law, barring his recovery, where there is a view of the evidence which is possible and reasonable and which is consistent with due care upon his part.

[2] ID.—COMMUNICATION OF TRIAL JUDGE TO JURY IN OPEN COURT—ABSENCE OF ERROR.—In such action, the conduct of the trial judge in talking to the foreman of the jury, after the jury had handed in its verdict, concerning the inclusion of attorney's fees and costs in its verdict, did not constitute error, where the communication of the trial judge was in open court and in the presence of counsel, even though there was a conflict about whether the communication could have been heard by counsel for the defendant, against whom the verdict was rendered.

[3] ID.—FURTHER INSTRUCTIONS REQUESTED BY JURY—ACTION OF BAILIFF IN NOT BRINGING JURY INTO COURT—ABSENCE OF PREJUDICIAL ERROR.—In such action, the action of the bailiff in not bringing the jury into court for further instructions concerning the customary amount of attorney's fees allowed in cases of this character when the jury indicated it had a question to ask the trial judge upon this subject was not prejudicial to defendant where the amount added by the jury to its verdict as attorney's fees was remitted by plaintiff, thus bringing the verdict down to the figure at which it had previously been fixed by the same jury, exclusive of attorney's fees, and also in view of section 4½ of article VI of the constitution.

(1) 28 Cyc., p. 49.    (2) 38 Cyc., p. 1866 (Anno.).    (3) 4 C. J., p. 954, sec. 2933 (Anno.).

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.    Daniel C. Deasy, Judge.    Affirmed.

1.  See 19 Cal. Jur. 648.
2.  See 26 R. C. L. 1026.
3.  See 2 Cal. Jur. 1004, 1006; 2 R. C. L. 230; 14 R. C. L. 764.

The facts are stated in the opinion of the court.

Sloss, Ackerman & Bradley and Bradley & Supple for Appellant.

Reisner & Honey and Len H. Honey for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment for seven thousand five hundred dollars against it in an action to recover for personal injuries alleged to have been caused by the negligence of defendant in operating one of its taxicabs in the city and county of San Francisco.

Two points are made upon the appeal: That the plaintiff is chargeable with contributory negligence as a matter of law, barring his recovery, and that the record presents a case of such irregularity in the proceedings of the court and jury as to compel a reversal of the judgment.

[1] The first point, we think, is without merit. It is true that if appellant's inferences from the evidence be accepted, the plaintiff's conduct would appear to be negligent; but there is another view of the evidence which is possible and reasonable and which is consistent with due care upon his part.

The accident occurred at about 10 o'clock in the evening on April 13, 1922, at the intersection of Fillmore and Jackson Streets, in San Francisco, California. The plaintiff was in the act of crossing from the south side of Jackson Street to the north side, at or near its intersection with Fillmore Street. There was no traffic upon the street except a cable-car proceeding in a westerly direction along Jackson Street, and the automobile owned and operated by defendant, by which plaintiff was struck. When plaintiff started across the street the cable-car was on the far side of the intersection of the two streets, to the east and right of plaintiff. About the time the cable-car started to cross Fillmore Street the plaintiff started to cross Jackson Street. Plaintiff reached the car tracks while the cable-car was several feet away from him and crossed them in safety. The defendant's automobile had been traveling back of the street-car. According to the testimony of the driver, when the street-car started up

to cross Fillmore Street, he started the automobile up behind the cable-car and followed behind the street-car until he reached the building line of Fillmore Street, when he drove out from behind the car and started to pass the same, striking plaintiff after he emerged from in front of the car and when he was close to the sidewalk. The space between the street-car tracks and the curb was a little over eleven feet wide. Plaintiff testified that when he was crossing the cable-car tracks he had plenty of room to cross before the oncoming car and that while so doing he looked to his right and could see the right-hand side of the cable-car farther than the rear end of the car and there was no automobile in his field of vision. After he had crossed the tracks and was halfway between them and the curb, he saw the automobile almost upon him. He made an effort to reach the sidewalk, but was struck almost instantly after seeing the automobile. Whatever other inferences might be drawn from this state of facts, it seems apparent that one possible and reasonable inference is that the defendant's agent steered his automobile from behind the street-car at about the moment plaintiff stepped off the track and before plaintiff could reach a place of safety upon the sidewalk, struck him down before the automobile had traveled far enough to pass the street-car.

We think this statement of the important facts disposes of appellant's first contention. The second contention arises upon the affidavits filed in support of the motion for a new trial, and the counter-affidavits presented upon that motion. As respondent points out, these affidavits are conflicting upon some matters of fact and such conflicts are settled in favor of respondent by the action of the trial judge in denying the motion. It appears from the affidavit of the trial judge that the jury arrived at a verdict which was handed to the judge. Upon reading it, the court found that it was in favor of the plaintiff in a fixed amount "plus costs and attorneys' fees." This is the judge's statement of what followed: "I thereupon stated in an audible tone of voice that I could not accept the verdict. I then stepped over to the jury box and spoke to the foreman in a somewhat lower tone and stated to him that the matter of costs should not be included as the law provided for it, and that in a case like this, the jury

should not include attorneys' fees. I then sent the jury to my chambers for further deliberations, in custody of the bailiff.''

The affidavit of counsel for defendant states that he was in court representing defendant and saw the trial judge engage in conversation with the foreman of the jury after the first verdict was handed in, and that such conversation was inaudible to said attorney. However, the attorney for the plaintiff states in his affidavit that at the time of said conversation he was seated at the counsel table some ten or twelve feet from the judge and heard every word of the conversation between him and the foreman of the jury.

The jury entered upon its second period of deliberation, during which the following incident occurred, stated in the language of the affidavit of the bailiff of the court: ''One of the jurors opened the door and started out: I asked him where he was going and he replied that he desired to ask the judge what was the customary attorney's fees charged in cases of this character. I replied that the judge could not answer such a question and the door was closed.'' From the affidavits of members of the jury it appears that a discussion arose as to the customary amount of attorney's fees and some attempt was made to get instruction from the judge upon the matter; that word came to the jury that the judge could not instruct them upon that matter and a juror volunteered the information that the usual fee was forty per cent. The jury then concluded to add five thousand dollars to the verdict to cover this item. This second verdict was for twelve thousand five hundred dollars and was reduced, upon stipulation, to seven thousand five hundred dollars as a condition of denying the motion for a new trial. Because of this reduction, the respondent claims no prejudice resulted to the defendant by the irregularity in not bringing the jury into court in the presence of the parties for instructions with relation to attorney's fees and that no prejudice resulted by reason of the aforementioned communication of the judge to the jury which was inaudible to the attorney for the defendant.

[2] Sections 613 and 614 of the Code of Civil Procedure are applicable to the situation. Authorities directly in point seem to be wanting in this state, but in other jurisdictions

the courts have discussed the principles underlying appellant's objections.

One of the cases relied upon by appellant is *Sargent* v. *Roberts*, 1 Pick. (Mass.) 337 [11 Am. Dec. 185]. In that case, after the jury had been out deliberating for several hours, it sent word to the judge that it could not agree. The judge sent back an instruction setting forth a more systematic method to use in order to reach an agreement. The reviewing court, while admitting that nothing prejudicial had been done, held that any communication between the judge and jury was error and the appellant was granted a new trial, the court saying: "No communication whatever ought to take place between the judge and the jury after the cause had been committed to them by the charge of the judge unless in open court, and *where practicable* in the presence of the counsel in the case."

In the case of *Hurst* v. *Webster Mfg. Co.*, 128 Wis. 342 [107 N. W. 666, 668], it was said: "The subject of such communications to the jury has been recently fully considered by this court in the case of *Havenor* v. *State*, 125 Wis. 444 [4 Ann. Cas. 1052, 104 N. W. 116], and the rule laid down that no communication should be had between the judge and the jury after submission of the cause except in open court. *The presence of counsel is not indispensable,* although it is the better practice to procure such attendance. (*Meier* v. *Morgan*, 82 Wis. 289 [33 Am. St. Rep. 39, 52 N. W. 174].) But whether counsel be present or not, if the jury are to be further instructed they should be brought into open court."

The communication of the trial judge to the jury was in open court and in the presence of counsel. True, there is a conflict about whether the communication could have been heard by counsel for defendant, but if his presence in court was not indispensable, it was not indispensable that he should have heard the instruction given.

[3] As to the other incident of which complaint is made, we may concede that the bailiff of the court should have brought the jury into court for further instruction when it indicated that it had a question to ask the judge. But as to this matter, we think we are at liberty to consider whether or not the defendant was prejudiced. In the case of *Danes*

v. *Pearson,* 6 Ind. App. 474 [33 N. E. 979], relied upon by
appellant, it is said: "There are many cases which hold
that a communication between the jury and the officer hav-
ing them in charge, or the clerk of the court, or third par-
ties, will not be cause for a new trial, when it is made to
appear that no harm resulted. We think the distinction
between such communications and one by the presiding judge,
should be distinctly marked and maintained.

In view of the fact that the plaintiff remitted five thou-
sand dollars of the verdict, which was the amount which the
affidavits stated had been added by the jury as attorney's
fees, and thus brought the verdict down to the figure at
which it had previously been fixed by the same jury, exclu-
sive of attorney's fees, it would seem that the defendant has
not been prejudiced by the fact that the jury was not
brought into court by the bailiff for instruction to the effect
that attorney's fees were not to be included in the verdict.

And there is an additional reason for the affirmance of
this judgment which did not enter into the decisions in other
jurisdictions to which our attention has been called by ap-
pellant. It is found in the provisions of section 4½ of
article VI of our state constitution. In our opinion, after
an examination of the entire record, any errors of procedure
which may appear in the transcript have not resulted in a
miscarriage of justice.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the
supreme court, after judgment in the district court of ap-
peal, was denied by the supreme court on November 10, 1924.