[S. F. No. 13370. In Bank.—October 24, 1930.]

RAYMOND WAGNER, a Minor, etc., Respondent, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY (a Corporation), Appellant.

Robert Brennan, H. K. Lockwood, Leo E. Sievert, E. T. Lucey and M. W. Reed for Appellant.

Ford & Johnson and Jesse E. Nichols for Respondent.

LANGDON, J.—This is an appeal by defendant from a judgment of the Superior Court of Alameda County, in favor of plaintiff, for damages for personal injuries.

The accident occurred at about 11 A. M. on August 2, 1927, in the city of Berkeley, at the intersection of the tracks of defendant company with Blake Street. The street runs east and west, and the tracks cross it at an angle— running northwesterly and southeasterly. On the morning of the accident plaintiff's older brother, Alfred Wagner, employed to make deliveries by a local ice company, was driving his truck on his business. Plaintiff, a boy of fourteen, who occasionally rode with him and assisted, sat on the right-hand of the driver. They proceeded in an easterly direction on Blake Street and approached the crossing at a speed of about eight to ten miles per hour. A train operated by defendant company was at the time approaching Blake Street from the south at a speed of about twenty-five miles per hour. The driver did not see the train until he was about fifteen feet from the tracks, and upon sighting it, swerved suddenly to the left and applied the brakes, but failed to avert the collision. He was unhurt, but plaintiff sustained serious injuries.

The case was tried before a jury and a verdict was returned in favor of plaintiff in the sum of $12,500.

As its first ground of appeal, defendant urges that its motion for a nonsuit should have been granted because plaintiff was guilty of contributory negligence as a matter of law. The evidence shows that both the driver and plaintiff were familiar with the crossing and aware of the fact that they were coming to it. This being so, it is contended that it was the duty of plaintiff, as well as the driver, to keep a lookout for approaching trains. Plaintiff testified that he looked to the *left,* but not to the right. Upon this single piece of evidence rests the claim of negligence as a matter of law.

This point is without support, either in the law or the facts. ■ The law does not demand of a passenger the same high degree of observation as it requires of the driver, for the passenger has not, in the ordinary case, any actual control over the driver. He is normally bound to protest against actual negligence or recklessness of the driver, but the extent of his duty depends upon the particular circumstances of each case and is a question for the jury. (*Marchetti* v. *Southern Pac. Co.,* 204 Cal. 679 [269 Pac. 529]; *Curran* v. *Earle C. Anthony, Inc.,* 77 Cal. App. 462 [247 Pac. 236].) ■ Moreover, plaintiff explained why he did not look to the right. It appears that there were two trees on Blake Street which one's eyes encountered in looking to the right, and plaintiff declared: "you couldn't see where I was sitting." He also testified, on cross-examination, as follows:

"Q. You did not look to your right or south to see if there was a train coming? A. No, my brother always looked that way, he looks one way and I look the other. He looks both ways.

"Q. You saw your brother looking to the right, and you thought it was not necessary for you to look that way; is that right? A. Yes, sir."

Under the circumstances it is apparent that the question of contributory negligence was properly left to the jury.

■ Defendant also contends that the court should have granted its motion for a directed verdict, on the ground that the evidence positively establishes defendant's freedom from negligence and points to the negligence of the driver of the truck as the proximate cause of the accident. We have read the record and have arrived at no such conclu-

sion. The evidence is sharply conflicting on the extent to which the trees obscured the view of the driver and on the question whether the proper warning signals were given by the train. This issue, like that of contributory negligence, was properly left to the jury.

Defendant assigns as error the giving of certain instructions, as well as the refusal to give others; and various rulings of the court on the admissibility of evidence are also attacked. No useful purpose would be served by an extensive comparison of the numerous instructions requested by defendant with those actually given by the court. We have carefully examined them all and we believe that no prejudicial error was committed by the court in this connection. Nor do we find any suggestion of substantial error in the rulings on evidence. ■ Of these rulings, the one chiefly complained of here is the admission of testimony with regard to wigwag signals, under the following circumstances. Defendant called as a witness one of its claims adjusters, who gave testimony concerning his observations and photographs made at the scene of the accident the day after it occurred. On cross-examination, counsel for plaintiff questioned him in some detail as to his recollection of the matters on which he had given evidence on direct examination, and particularly on the physical surroundings of the crossing. During this questioning, the following occurred:

"Q. Where did you make your observations from, the two observations you now speak of? A. About 125 feet south of Blake Street, and the edge of Parker Street.

"Q. What were you standing on when you made the observation at Parker Street? A. The roof of a coach.

"Q. Oh, you were on a train? A. I was.

"Q. I see. And when you were up there on that coach at Parker street did you observe any warning signal? A. I did not notice anything.

"Q. Didn't you notice a wig-wag signal, a red disc, swinging back and forth when the train comes?

"Mr. Lockwood: That is objected to as not proper cross-examination, and irrelevant, incompetent and immaterial.

"A. I did.

"The Court: Overruled.

"Mr. Johnson: Q. As you look from 125 feet—at that point up the railroad track, the next street beyond Blake is Dwight, and the crossing is right out in kind of a hayfield at Dwight way, isn't it? A. No, I don't think there is any hayfield there.

"Q. Are there any houses built up close? A. Yes, there is some.

"Q. Is there any house there close to the track on the west of the Santa Fe, at Dwight way, the next block to the north? A. Yes, sir.

"Mr. Lockwood: That is objected to as irrelevant, incompetent and immaterial, and not proper cross-examination.

"The Court: Overruled.

"Mr. Johnson: Q. And at Dwight way you likewise saw a big automobile disc when you came along with your coach, swinging back and forth, indicating the approach of a train, didn't you?

"Mr. Lockwood: That is objected to as irrelevant, incompetent and immaterial, not proper cross-examination, and no bearing upon any of the issues in this case.

"The Court: Overruled.

"A. I did not notice it. I never paid any attention to it.

"Mr. Johnson: Q. Well, don't you know it is there, from your observations?

"Mr. Lockwood: The same objection, and for the further reason that it is prejudicial, and irrelevant, incompetent and immaterial, and not proper cross-examination.

"The Court: Overruled.

"A. Yes, I know it is there."

Similar questioning was directed by counsel for plaintiff to the witness Fenton, fireman of the train, with respect to his recollection of what occurred and what he observed in the locality just prior to the accident; and similar testimony was elicited.

Defendant asserts that the admission of this testimony constituted prejudicial error which could not be cured by any subsequent instruction by the court. It may be conceded that in the absence of a proper foundation, evidence of the signals or other precautionary devices maintained at other places would be inadmissible to show a lack of care on the part of the defendant in failing to maintain such devices at the crossing involved in the present action. Such

was not, however, the purpose of the questioning. Plaintiff raised no issue in the pleadings, and offered no evidence on the question whether defendant was negligent by reason of failure to provide wigwag signals at the crossing. The cross-examination was conducted with the asserted object of testing the accuracy of the observations made by defendant's witnesses. Many searching questions were asked of these witnesses, and in several instances they could not remember distances nor objects observed. It even appears that they were at first uncertain as to whether there were such signals at the other streets.

It has always been the law that testimony may be admissible, if competent, relevant and material for any purpose, even though it might be inadmissible for another purpose, provided that the court sufficiently limits its purpose by an appropriate instruction to the jury. A full discussion of this proposition may be found in *Adkins* v. *Brett,* 184 Cal. 252, where Mr. Justice Olney says on page 256 [193 Pac. 251, 253] : ''The rule upon this point, which is one of well-nigh every-day application in actual trial, is thus stated by Wigmore (volume I, page 42) : 'In other words, when an evidentiary fact is offered for one purpose, and becomes admissible by satisfying all the rules applicable to it in that capacity, it is not inadmissible because it does not satisfy the rules applicable to it in some other capacity, and because the jury might improperly consider it in the latter capacity. This doctrine, although involving certain risks, is indispensable as a practical rule.' '' (See, also, 10 Cal. Jur. 813, sec. 105.) The rule should be particularly applicable to cross-examination, where a wide latitude is generally allowed, and the court's discretionary power is very broad. (See 27 Cal. Jur. 97, sec. 76.)

Counsel for plaintiff made no attempt to use the answers thus elicited in his argument, and the court instructed the jury on the point as follows: ''Under the laws of the State of California, the railroad commission is given the exclusive power to determine and prescribe the protection to be installed at each crossing of a street by a railroad, or a railroad by a street. There is no evidence that the commission has prescribed or required the installation by the railway company of any protection at the Blake street crossing.'' By this unequivocal instruction, the court properly restricted

the purpose of the examination, and under the circumstances, we must conclude that no error is shown. Other errors assigned are without merit. The judgment is therefore affirmed.

Richards, J., Shenk, J., Curtis, J., Preston, J., Waste, C. J., and Seawell, J., concurred.

Rehearing denied.