[S. F. No. 15731.  In Bank.—April 27, 1937.]

GERTRUDE C. NELSON, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation) et al., Respondents.

650

Aram & Wretman, George Olshausen and John K. Hagopian for Appellant.

Louis Oneal and Arthur G. Shoup for Respondents.

THOMPSON, J.—This is an appeal by the plaintiff from a judgment for the defendants in an action for damages for injuries sustained in a collision with a Southern Pacific Company passenger train at a crossing on Stockton Street in the city of San Jose. It is argued that the court committed error in the giving and refusing of instructions on negligence and contributory negligence, in the submission to the jury of a special interrogatory on the subject of contributory negligence which omitted the element of proximate cause, in rulings on evidence and in communicating with the jury through the bailiff without the presence of counsel.

The accident occurred on a bright sunny afternoon, the street upon which the plaintiff approached the crossing ran at an oblique angle to the right of way on which there were five sets of tracks running approximately east and west. According to the plaintiff's testimony, she stopped with the front of the car about eight feet from the first track and looked both ways. She saw nothing to the right, in which direction she had a clear view about a quarter of a mile. She did not look in that direction again. To the left she observed a freight train on the crossing on track one for

which she waited. She started across the tracks in second gear at a speed between four and six miles an hour. She also saw a locomotive to her left on track two. As she reached the second set of tracks she heard a series of whistles and also heard puffing and letting off of steam. She thought the engine on the second track was coming toward her and that it was whistling to warn her. She continued across the crossing and was struck by the passenger train approaching from her right on track four. It is conceded that the train was traveling in excess of the speed the law allows at crossings. The testimony as to the giving of the statutory warnings by bell and whistle is in direct conflict. But the plaintiff testified she heard neither, that she was intent upon the train and engine to her left and upon the roadway, which was rough. She traveled about thirty feet after passing track two before reaching the point of collision with the train on track four. By a series of close calculations it is argued that the train was visible if ordinary care had been used in making the initial observation and the plaintiff's positive statement that she did not see it must be disregarded. The sum of these calculations, based in part on an estimate of the speed of the train given by the engineer, brings the train within the range of the plaintiff's vision by a margin of less than two seconds. It is obvious that even a slight error in the estimation of speed and distances would produce a totally different result. Such estimates and calculations do not therefore appear to us to be a sound basis upon which to declare inherently improbable the plaintiff's positive statement that no train was visible for a quarter of a mile on a stretch of straight track. The presence of the train, on which there is much testimony in conflict with the plaintiff's, is a question for the jury, as is also her conduct in failing to look again to her right, in the presence of what she considered to be a definite hazard on her left and in traversing a difficult crossing. (*Walker* v. *Southern Pac. Co.*, 38 Cal. App. 377 [176 Pac. 175]; *Pietrofitta* v. *Southern Pac. Co.*, 107 Cal. App. 575 [290 Pac. 597].)

Although, when all conflicts are resolved in favor of the plaintiff, as the trial court was required to do in passing upon the motion for nonsuit (*Estate of Flood*, 217 Cal. 763 [21 Pac. (2d) 579]), it appears that the case was properly left to the jury, it does not follow that the finding of the jury

in favor of the defendants is not sustained by the evidence. Nor does the appellant so contend. Numerous witnesses testified to the presence of the train within the plaintiff's range of vision from the spot where she stopped to take her observation. There is testimony to the effect that the bell was rung in compliance with the statutory requirement on approaching the intersection; that the whistle was also blown when it appeared that the plaintiff was in a position of danger; that there was no engine present on track two to distract her; that, in any case, she had at least thirty feet to travel after passing track two to the point where she was struck and that the crossing was not particularly rough. A picture of the crossing introduced in evidence shows an open grade crossing a long stretch of straight track with an unobstructed view for about 6,000 feet in the direction from which the passenger train approached. It was taken about fourteen or fifteen feet back from the first line of track. It does appear that there is a line of telegraph poles which might obstruct the view from some positions. ■ But the plaintiff's choice of a position for observation is also a question for the jury. (*Pietrofitta* v. *Southern Pac. Co., supra.*)

■ The appellant complains of errors in the course of the trial and while the jury was deliberating. It is first urged that the trial court erred in instructing the jury that "it was not negligence on the part of the defendant to operate the locomotive and train on the private right of way of the Southern Pacific Company west of the Stockton street crossing at any rate of speed they might see fit" and that they could consider the speed at which the train was traveling before reaching the crossing only for the purpose of determining the speed at which it was being operated at or across the crossing. The appellant's argument is that this was erroneous because there was obviously a duty to operate the train at a speed which would enable it to approach the crossing at the required speed, and because the speed of the train was clearly relevant to the question of visibility, hence the effect of the instruction was to remove the question of speed from the consideration of the jury. The instruction complained of is certainly not a correct statement of the law. It may be conceded that the defendant had the right, without violating any law, to determine the speed of its trains on a private right of way, but whether that speed, in view of the surrounding circumstances, was negligence was a question for

the jury. (*Dow* v. *Southern Pac. Co.*, 105 Cal. App. 378 [288 Pac. 89].) ■ However, the error can hardly be said to be prejudicial for the reasons assigned, inasmuch as the defendant's engineer testified he was traveling at a speed in excess of that required at crossings by ordinance and there was direct and conflicting evidence on the position of the train at the time the plaintiff was making her observation given by witnesses who saw both her car and the train. It was also urged that this was an instruction on the facts, but the disposition made of this claim of error renders it unnecessary to discuss the right of a trial judge to comment on the facts in a civil action under the recent constitutional amendment. (Art. VI, sec. 19, Cal. Const.)

■ The appellant next urges that the trial court erred in giving an instruction on contributory negligence which in its concluding sentence (which was in effect a formula instruction) omitted the element of proximate cause. Admittedly several correct instructions were given on the same subject and it is conceded that this would cure the error except for the fact that the judge submitted to the jury a special interrogatory which was erroneous in the same respect and emphasized the error in the instruction. Both instruction and special interrogatory were incorrect statements of the law which requires the contributory negligence of the plaintiff to be a contributing proximate cause of the injury. (*Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac. 1066].)

■ It is next complained that the court did not instruct the jury at all upon the duty of the defendant company to give warning as the train approached the crossing. It is conceded that the instruction offered by the plaintiff was incorrect, but it is insisted that this did not relieve the court of the duty to give a proper instruction upon a relevant issue thus called to its attention. Undoubtedly it would have been proper for the court to instruct the jury on the duty of the defendant to give warning as it approached the intersection (*Bruce* v. *Western Pipe & Steel Co.,* 177 Cal. 25 [169 Pac. 660] ; *People* v. *Frey,* 165 Cal. 140 [131 Pac. 127]), but it has been frequently held that where instructions are offered which cannot properly be given without modification the court may refuse to give them. (*Wiley* v. *Young,* 178 Cal. 681 [174 Pac. 316] ; *Dover* v. *Archambeault,* 57 Cal. App. 659, 664 [208 Pac. 178], and cases cited.)

■ Also on the question of defendant's negligence, it is objected that the court refused a requested instruction to the effect that, without reference to statutory regulation of speed at crossings, it was the duty of defendant to operate its train at a reasonable speed with relation to the particular crossing and the conditions there existing and that a failure to do so was negligent. In view of the regulation of speed by ordinance at the crossing involved in this action and the admission that the train was traveling at a rate in excess thereof, the giving of this instruction was unnecessary.

■ On the subject of contributory negligence the appellant insists the court erroneously refused to instruct the jury to consider the nature, proximity and loudness of the warning bell or whistle in determining Miss Nelson's negligence and also refused to instruct that if there had been reasonable care in ascertaining whether there was a sufficient stretch of straight track clear of trains to lead a reasonably prudent person to feel that a train operated at a reasonable and lawful speed would not cover that distance and interfere with his making the crossing it was not necessarily negligent to fail to look in that direction again, especially where the attention was required or diverted by other circumstances. The respondent does not contend that these are improper statements of the law, but that some of their elements are not supported by the evidence and that they are in other respects covered by instructions given. Since the only instruction which is pointed out as bearing on these points is one on sudden peril, which introduces a slightly different element, we think the instructions should have been given.

■ It cannot be said that the exclusion of the respondent's time table was erroneous. While the rules of operation are admissible (*Gett* v. *Pacific Gas & Elec. Co.*, 192 Cal. 621 [221 Pac. 376]; *Smellie* v. *Southern Pac. Co.*, 128 Cal. App. 567, 583 [18 Pac. (2d) 97, 19 Pac. (2d) 982]), we fail to see the materiality of the time table to the situation under scrutiny. It was, to say the most, only remotely connected therewith. ■ However, the court erroneously sustained an objection to the question put by the plaintiff's counsel to the engineer of the train as to whether he had not refused to testify at the coroner's inquest (on the death of one of the passengers in the Nelson car) on the ground of his privilege against self-incrimination. Such a question was proper for impeachment purposes since the claim of privilege gives rise

to an inference bearing upon the credibility of his statement of lack of negligence upon his part. (*People* v. *Casanova,* 54 Cal. App. 439 [202 Pac. 45] ; *Fross* v. *Wotton,* 3 Cal. (2d) 384 [44 Pac. (2d) 350].)

██ The remaining error charged was that the court communicated with the jury after their retirement by sending them a message by the bailiff and without the presence of counsel. This is an improper irregularity. Section 614 of the Code of Civil Procedure requires that, if the jury desire further instruction, it shall be conducted into court and the information desired given in the presence of or after notice to counsel. Any other method of communication is held to go to the substance of the right of trial by jury and because of its nature is deemed to be prejudicial except in very exceptional circumstances. (*Redman & Yontz* v. *Gulnac,* 5 Cal. 148; *Soukoian* v. *Cadillac Taxi Co.,* 68 Cal. App. 604 [229 Pac. 1015] ; *People* v. *Bruneman,* 4 Cal. App. (2d) 75 [40 Pac. (2d) 891].)

While the case is not a close one, the pictures presented by the testimony in favor of the plaintiff and by that in favor of the defendant being widely divergent, we are not prepared to say that the sum of these errors was not prejudicial to the plaintiff's case and that the jury must have found as they did under a proper presentation of the case to them.

The judgment is reversed.

Langdon, J., Curtis, J., Edmonds, J., Seawell, J., and Shenk, J., concurred.