[Civ. No. 12243. Second Appellate District, Division Two.—December 12, 1939.]

WILLIAM EDWARD TICE, a Minor, etc., Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

DAVID R. HIGGINS et al., Appellants, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Respondents.

Paul Blackwood and Samuel P. Young for Appellants.

Frank Karr, E. E. Morris, C. W. Cornell and O. O. Collins for Respondents.

MOORE, P. J.—Two judgments are appealed from. Both were in favor of defendants, the two cases having been consolidated for the purposes of trial before a jury.

The actions were based upon the alleged negligence of the defendants—the company and its motorman—in the operation of an electric train upon a private right of way on Venice Boulevard between Los Angeles and Santa Monica. Within the right of way is a double track which crosses the streets and highways between said cities. On the evening of August 4, 1936, about 8:20 o'clock, a Ford automobile, while being driven by Leonard Wright southerly along Sepulveda Boulevard, was struck by defendant's train going easterly along Venice Boulevard. His two youthful companions, Edward Tice and Arthur Higgins, received severe injuries, as a result of which Arthur lost his life. At said intersection the tracks are straight in both directions from said boulevard for more than 1,000 feet. The private right of way is separated from the two travel lanes of Venice Boulevard by curbs, except at the highway crossings. At said Sepulveda crossing are two wigwag signals with bells and red lights, one on each side of the right of way. The boulevard stop sign is located at the northwest corner of the intersection about 110 feet north of the westbound track. At the time in question, the signals were wagging, the bells ringing and the lights were aglow.

Plaintiffs based their claims for a reversal of the judgments upon the following propositions: (1) That there was ample and substantial evidence to establish the negligence of defendants and that said negligence caused the accident; (2) that Arthur and Edward were not negligent, and in any event, the question of their contributory negligence is, at most, one of fact for the jury; (3) that the instructions were vicious in that they charged plaintiffs with a degree of care beyond the requirements of law and relieved defendants of the duty of exercising care; (4) that the trial court committed prejudicial error in sending to the jury the answer to a question propounded through the bailiff and the clerk. Upon a review of the record, we are forced to conclude that the plaintiffs have not sustained their contentions.

I. From the conflicting evidence, the jury may justifiably and readily have found for defendants. There was testimony that the train was traveling at a speed of about 60 miles per hour, and at 35 miles per hour; that while going at 60 miles per hour, it approached Sepulveda Boulevard without whistling or other signal; that it operated on a private

right of way and blew its whistle at 400 feet west of Sepulveda Boulevard; that Leonard stopped the Ford at said intersection and looked; that he did not stop; that the train had a head light, was noisy, was lighted and the night was clear; that Leonard looked westerly for 1,000 feet on said Venice Boulevard and saw no train approaching; that while the wigwag was working for the westbound train standing one block east of Sepulveda, there was nothing to indicate that there was other cause for its movement; that the train's speed would require from 400 to 600 feet to stop; that Leonard coming at an average speed of 6 miles per hour over said 110 feet could have stopped in a moment; that in approaching the right of way, he traveled 45 miles per hour; that the train was 400 feet west of Sepulveda while the Ford was 400 feet north of Venice Boulevard. Out of these conflicts, it was solely for the jury to derive the truth.

■ II. The rules of caution applicable to steam railways are applicable to interurban car lines in such circumstances as those presented in the foregoing summary. (*Riney* v. *Pacific Elec. R. Co.*, 45 Cal. App. 145 [187 Pac. 50] ; *Herbert* v. *Southern Pac. Co.*, 121 Cal. 227 [53 Pac. 651].) In the latter case, it was held that the railroad track of a steam railway must itself be regarded as a sign of danger and "one intending to cross must avail himself of every opportunity to look and to listen for approaching trains. . . . If taking these precautions, he would have seen or heard the approaching train, the very fact of injury will raise a presumption that he did not take the required precautions." The Supreme Court, in the case of *Simoneau* v. *Pacific Elec. Ry. Co.*, 159 Cal. 494, at 504 [115 Pac. 320], held that the crossing of an interurban electric railway is to be governed by the same rules as those applied to steam railways and that the rule of precaution laid out in *Herbert* v. *Southern Pac. Co., supra,* is applicable here. In *Korchak* v. *Pacific Elec. R. Co.*, 9 Cal. App. (2d) 89 [48 Pac. (2d) 752], involving an accident in Culver City and on the same boulevard where the Ford was struck, it was held that, since the accident happened on the company's private right of way and not upon the paved streets of the city, the rules relating to steam railroad crossings govern.

■ It is the rule that when a guest fails to do that which an ordinarily careful person under the same or similar cir-

cumstances would have done, he cannot recover. Whether or not the guest so situated has exercised such care is a question of fact for the jury. (*Meyers* v. *Southern Pac. Co.,* 63 Cal. App. 164, at 168 [218 Pac. 284].) The justice of each case must be derived from its own facts. (*Parker* v. *Southern Pac. Co.,* 204 Cal. 609 [269 Pac. 622].) The passenger in an automobile is normally bound to protest against actual negligence or recklessness of the driver; the extent of his duty depends upon the particular circumstances of each case and is a question for the jury. (*Wagner* v. *Atchison, Topeka & Santa Fe Ry. Co.,* 210 Cal. 526 [292 Pac. 645].) ▌ If a passenger observes anything which might tend to endanger his safety, it is his duty to notify the driver of this danger in order that he may avoid it. (*Parmenter* v. *McDougall,* 172 Cal. 306 [156 Pac. 460].) Ordinary prudence for his own safety would require this. (*Cate* v. *Fresno Traction Co.,* 213 Cal. 190 [2 Pac. (2d) 364].)

▌ In view of the principles declared by the foregoing cases, the facts presented in the instant case were such as were calculated to persuade a jury that the defendants were not negligent or that the two guests were guilty of contributory negligence or that the driver's negligence was the sole proximate cause of the impact. The question of contributory negligence of the plaintiffs was an issue, and by their implied finding, the jury must have decided that Arthur and Edward were guilty of contributory negligence, if they did not find that Leonard's negligence was the sole proximate cause or that defendants were not negligent.

▌ III. The instructions read to the jury are attacked upon various grounds. They have been scrutinized with a view of determining whether prejudicial error resulted from any of them. We find no instruction which does not state the law correctly although we cannot say they are all in the best of form. We refer particularly to the formula instructions. The latter are not calculated best to serve most successfully the administration of justice. Their final disappearance will improve the conduct of court trials. A number of the instructions are attacked on the ground that isolated portions thereof do not correctly state the law. But an error in an instruction must appear from a consideration of the instruction as a whole and not from mere phrases or clauses considered separate and apart from the whole. (*Von Stetten*

v. *Yellow Checker Cab Co.*, 100 Cal. App. 775 [281 Pac. 95].)
▮   Others are attacked upon the ground that they incorrectly state the law relative to the degree of care required of a guest passenger. But each instruction sets forth substantially a correct statement of legal principles applicable to the facts of the case. Furthermore, by certain instructions submitted by the plaintiffs, the question as to whether or not said passengers were guilty of negligence was left to the jury's determination. For the reasons and upon the authorities above cited, the question of the negligence of the guest passengers was properly submitted to the jury. (*Stewart* v. *San Joaquin Light & Power Corp.*, 44 Cal. App. 202 [186 Pac. 160].) ▮ Criticism is made of certain other instructions to the effect that they require the driver of the automobile to exercise a greater degree of care than is lawfully required; still other instructions are criticized on the ground that they imposed upon the driver the duty of maintaining a lookout up to the last moment before the collision. Neither criticism is well taken. In the case of the former, the matters covered are fairly and correctly stated; with reference to the latter, it is the law that in approaching a railroad crossing, a continuous duty is imposed upon the driver to maintain a lookout in the directions from which danger is to be anticipated. There being no prejudicial error, in the instructions given, reversal cannot be· had upon that ground.

▮   IV. A serious attack is made upon the judgments because the court sent an answer to an inquiry of the jury through the clerk and the bailiff. Prior to the retirement of the jury, the parties stipulated that in the absence of counsel, the court might read any instruction to the jury upon their request, or give any other in writing. While the jury was out, a message was sent by the jury through the bailiff inquiring of the judge whether or not a verdict could be returned in favor of one of the plaintiffs and not in favor of the other. The judge replied by causing to be written and sent to the jury the following: "Yes,· they may decide in favor of one plaintiff and not in favor of the other." The jury having returned a verdict against both plaintiffs, they now complain that the conduct of the judge was prejudicial, citing *Nelson* v. *Southern Pac. Co.*, 8 Cal. (2d) 648 [67 Pac. (2d) 682]. It is true that any communication sent to the

jury in the absence of counsel or without their express stipulation is irregular and the practice is one to be avoided. It is the law that "if the jury desire to be informed of any point of law arising in the case, they may require the officer to conduct them into court". (Code Civ. Proc., sec. 614.)

But the irregularity complained of was not prejudicial. (1) The jury found against both plaintiffs. (2) Counsel had stipulated that "In the absence of counsel, the court may upon the request of the jury bring the jury into the court and re-read to the jury any instruction previously given, or may give any new instruction upon any matter that may be requested providing that any such new instruction is in writing and taken down in shorthand". That disposed of the necessity of counsel's presence. (3) The judge's communication was no attempt to state the legal principles for the jury's guidance. (4) There is no showing that plaintiffs were prejudiced by the court's communication. In the case of *Nelson* v. *Southern Pacific Co., supra,* while holding that the court committed an irregularity in sending a message by the bailiff without the presence of counsel, the court never concluded that the message sent was prejudicial error. In the case of *Soukoian* v. *Cadillac Taxi Co.,* 68 Cal. App. 604 [229 Pac. 1015], while the court held that, after submission, no communication whatever ought to take place between the judge and the jury after the case had been committed to them, yet a communication between the jury and the officer having them in charge, or the clerk of the court, will not be cause for a new trial when it is made to appear that no harm resulted. In the case of *Meinecke* v. *Fidelity Investment Co.,* (Tex. Civ. App.) 62 S. W. (2d) 623, a message was written by the foreman of the jury and was conveyed by the bailiff to the judge who wrote thereon that the jury would answer the issue in accordance with the charge already given them" and returned the same writing to the jury by the bailiff. While the court held that this manner of communication between the court and the jury is error, it said: "Such a communication is not of itself vicious. It can be done by agreement. The error can be waived. If counsel abandon the watchful care of his case, leave the courthouse, and some routine communication with the jury is necessary and counsel has absented himself so that he cannot be con-

sulted as to the necessity of disturbing the jury's deliberations to bring them to the jury box, sometimes from a different floor or building, the blind obedience to such a ritual might well be questioned." In *Tilley* v. *Montelius Piano Co.*, 15 Colo. App. 204 [61 Pac. 483], the jury forwarded to the judge by the bailiff an inquiry as to whether they might return a verdict in favor of the defendant but allow the plaintiff $25 for repairing his piano, to which the court returned by the same bailiff, orally, the answer "no". The Supreme Court of Colorado, in considering a code section identical with our own, said: "This section, like the other code provisions, must be given a reasonable construction and in applying this, we think that if there was error at all, it was wholly without prejudice." The communication written by the judge contained nothing that was calculated to mislead the jury in any respect. For this reason the irregularity was not prejudicial.

The judgments are affirmed.

Wood, J., concurred.

McCOMB, J., Dissenting.—I dissent.

From judgments in favor of defendants after trial before a jury in actions to recover damages (a) for the wrongful death of the son of David R. and Annie M. Higgins and (b) personal injuries to plaintiff William Edward Tice resulting from a collision between an automobile in which the deceased and injured were riding and an electric interurban street car owned and operated by the defendant corporation, plaintiffs appeal.

The essential facts are these:

August 4, 1936, Leonard Wright was driving an automobile in which William Edward Tice and John Arthur Higgins, the son of plaintiffs David R. and Annie M. Higgins, were riding. While crossing the defendant corporation's right of way at Venice and Sepulveda Boulevards in the city of Los Angeles, the automobile was struck by an interurban car owned and operated by defendant corporation. Defendant Nordquist was the motorman of the car. As a result of the accident John Arthur Higgins died and William Edward Tice received serious personal injuries.

After the case was tried and the jury instructed, counsel for the respective parties entered into a stipulation reading in part as follows:

"First, that in the absence of counsel the Court may, upon the request of the jury, bring the jury into Court and reread to the jury any instruction previously given, or may give any new instruction upon any matter that may be requested providing any such new instruction is in writing or taken down in shorthand."

Subsequently, and while the jury were deliberating, the jurors requested additional instructions. The bailiff informed the clerk of the request, who contacted the trial judge by telephone. The trial judge gave an instruction to the clerk, which the latter wrote on a piece of paper and handed to the bailiff, who in turn delivered it to the jury.

This is the sole question necessary for us to determine:

*Did the trial judge commit prejudicial error in giving an instruction to the jury out of court and out of the presence of the court?*

This question must be answered in the affirmative. The law is established in California that it is prejudicial error to give additional instructions to a jury other than in open court, in the absence of a waiver of this right by the parties. (*Nelson* v. *Southern Pac. Co.*, 8 Cal. (2d) 648, 655 [67 Pac. (2d) 682].) In the case cited our Supreme Court, in holding it to be reversible error to give instructions to the jury out of the presence of the court, thus states the rule at page 655:

"The remaining error charged was that the court communicated with the jury after their retirement by sending them a message by the bailiff and without the presence of counsel. This is an improper irregularity. Section 614 of the Code of Civil Procedure requires that, if the jury desire further instruction, it shall be conducted into court and the information desired given in the presence of or after notice to counsel. Any other method of communication is held to go to the substance of the right of trial by jury and because of its nature is deemed to be prejudicial except in very exceptional circumstances. (*Redman & Yontz* v. *Gulnac*, 5 Cal. 148; *Soukoian* v. *Cadillac Taxi Co.*, 68 Cal. App. 604 [229 Pac. 1015]; *People* v. *Bruneman*, 4 Cal. App. (2d) 75 [40 Pac. (2d) 891].)"

In the instant case it is true that counsel stipulated that in the absence of counsel the court might "bring the jury into court and . . . give any new instruction upon any matter that may be requested providing any such new instruction is in writing or taken down in shorthand". However, the procedure followed by the court herein did not conform to the stipulation of counsel, and there is nothing in their stipulation waiving their right to have the jury instructed in court according to the provisions of section 614 of the Code of Civil Procedure.

Nor is the requirement that the procedure set forth in the code section be followed a so-called technical rule. It is a matter of common knowledge that counsel frequently stipulate that in their absence the trial judge may return the jury into open court and there give to them new and additional instructions, the purpose being to save the time of the court. It is also a matter of common knowledge in the legal profession that ordinarily, when such a stipulation is entered into, counsel either remain in the courtroom or leave a clerk or associate with instructions to communicate with them immediately, should the jury desire additional instructions, in order that they may be present and protect the rights of their client by either assisting the court in framing the instructions to be given, by proposing additional instructions, or objecting to instructions proposed by the opposing party or the court.

For the foregoing reasons in my opinion the judgments should be reversed and new trials ordered.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 5, 1940, and the following opinion then rendered thereon:

THE COURT.— In their petition for rehearing, the plaintiffs urge this court to set forth *in haec verba* or in substance the instructions of which they complain. To do this fairly would necessitate the inclusion of the instructions as a whole, which comprise 49 pages of the transcript, and to consider their arguments fully would require a discussion of the authorities cited and the contentions made by plaintiffs with respect to the criticized instructions, which contentions cover some 48 pages of their opening brief. This would extend the opinion unduly.

In *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813], a similar request was made and in its order denying a rehearing this court set forth at length the reasons why the request should be denied. The reasons given in the Groves case are applicable to the present situation.

The petition for a rehearing is denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 8, 1940. Curtis, J., and Carter, J., voted for a hearing.